### Mrs. Widow Lafaye *v.* Harris & Morgan.

The refusal of a *common carrier* to take goods for a *particular consignee* is a violation of an obligation to the shipper and not to the consignee,—an action of damages in favor of the consignee will not lie in such a case.

APPEAL from the Fifth District Court of New Orleans, *Eggleston*, J.
*C. Dufour*, for plaintiff.   *Race & Foster*, for defendants and appellants.

Cole, J.   This is a suit for damages brought by the widow of *John Lafaye*, under the statute of 1855, amending the 2294th Article of the Civil Code.

" Every act whatever of man that causes damage to another obliges him by whose fault it happened to repair it ; the right of this action shall survive in case of death, in favor of the minor children and widow of the deceased, or either of them."

She avers that the defendants, being common carriers, on the third of May, 1854, and from that day continuously, until the month of July, 1855, issued orders to the captains and other officers on board of their steamships, commanding them to receive no goods or other articles of freight consigned to *John Lafaye*, nor to sign any bills of lading deliverable at Brazos St. Iago, to the order of the owner, if it were suspected that the bills would be endorsed over to *John Lafaye*.

That, accordingly, the agents of the defendants, on their steamships, refused all goods consigned to *J. Lafaye*, and that merchants were thus compelled to abandon *Lafaye*, and to consign their goods to other forwarding merchants.

She further avers, that these acts of the defendants were malicious, and contrary to law and their duty as common carriers, and had for their object the ruin of *Lafaye*, which they effected ; that his business rapidly decreased ; his health sank rapidly from disappointment and desolation, and in September, 1855, he died in distress, leaving a widow and six children.

She claimed fifteen thousand dollars as damages.

The cause was tried before a jury, who accorded five thousand five hundred dollars, deducting, however, $486 66, granted upon the reconventional demand of defendants.

It appears that *Lafaye* owed the defendants money which he had collected, as their agent at Point Isabel, and they were unwilling to carry any goods consigned to him until he should pay it.

This action cannot be maintained, because no cause of action is alleged in the petition.

It is true that, under certain circumstances, a common carrier is liable in an action for refusing to take charge of goods and to carry the same.   Angell on the law of carriers, p. 123, § 124 ; 2 Kent's Com. pp. 598, 599 ; Story on Bailments, pp. 532, 533.

But this action is not instituted by those who had demanded to ship goods in the steamships of defendants and were refused.

The statute declares, that " every act whatever of man that causes damage to another obliges him by whose *fault* it happened," &c.

The meaning of the statute is, that the right of action for damages arises to the one who has suffered from the active or passive violation of a legal obligation by another.

70

<div style="margin-left:2em">

LAFAYE
v.
HARRIS

Even if it were conceded that the common carrier is bound in general not to object to any particular consignee designated by the shipper, still the refusal to take goods for a particular consignee would not give a right of action to such consignee. For the reason of such a rule would be based upon the obligations of common carriers to shippers, and not to consignees ; for, as the obligation of the common carrier is, under certain circumstances, to accept freight which is offered, this obligation might be partially evaded, if the common carrier had the unqualified right to object to every consignee that might be designated by the shipper.

If, then, in the case at bar, the defendant refused to comply with a legal obligation, it was not an obligation to the consignee but to the shipper, and the right of action lies with the latter, and not with the former, for it will not be pretended that one can sue for damages, for his own benefit, a party, because he has violated his legal obligations to another.

It is, therefore, ordered, adjudged and decreed, that the verdict of the jury and the judgment of the court thereon be avoided and reversed, and it is further ordered and decreed, that there be judgment in favor of defendant against the demand of plaintiff, and that there be a nonsuit as to the reconventional demand of the defendant, reserving his right, if any such he has, to prosecute his claim against the *Succession of John Lafaye*, and that plaintiff pay the costs of both courts.