St. Louis & Tennessee River Packet Company,
Respondent, v. Missouri Pacific Railway
Company, Appellant.

### St. Louis Court of Appeals, April 2, 1889.

Action: COMMON CARRIER. A contract between the shipper and the
defendant, a common carrier, whereby the defendant was to carry
goods to its terminal point and there deliver them to the plaintiff
—also a common carrier—for transportation to the point of desti-
nation, was not a contract made by other parties for the plaintiff's
benefit; but only embodied an incidental advantage which the
plaintiff might derive from earnings for part of the transportation;
and no right of action accrued to the plaintiff against the defend-
ant, for a violation of the contract in giving the extended trans-
portation to a carrier other than the plaintiff.

*Appeal from the St. Louis City Circuit Court.*—Hon.
George W. Lubke, Judge.

Reversed.

*Henry G. Herbel*, for the appellant.

The court erred in refusing to make the declara-
tions of law prayed for by defendant, at the close of
plaintiff's case and at the close of all the evidence.
*Markel v. Tel. Co.*, 19 Mo. App. 85. The court erred
in giving the instruction asked by plaintiff. *Buddy v.
Railroad*, 20 Mo. App, 209 ; *Cathcart v. Railroad*, 19
Mo. App. 114 ; *Terry v. Railroad*, 89 Mo. 587. The
finding and judgment of the court are erroneous, because
in conflict with, and not supported by, the evidence.
The demurrer to the evidence should have been sus-
tained, for the reason that this is an action based on a
contract to which plaintiff was not a party, and it does
not appear, from the evidence, that the benefit which

was expected to accrue to plaintiff was the moving consideration thereof. The fact is (and plaintiff admitted it at the trial), that the lead was delivered by defendant's connections to the consignees, Berry, Demoville & Co., at Nashville, Tennessee, and they paid the freight charges due thereon. The contract was not made for the benefit of Messengale, or plaintiff, but for the consignees at Nashville, who received the goods and paid the freight, which was the consideration of the contract. This being true, no right of action accrued to plaintiff by reason of the breach of the contract, if broken it was. *Markel v. Tel. Co.*, 19 Mo. App. 85. The instruction given by the court is erroneous, and without evidence to sustain it, as it authorizes a recovery by plaintiff without any evidence, whatever, to show that the contract was made for its benefit, and was the consideration which induced its making. A delivery to either the consignee or a connecting common carrier, would be a fulfilment of the contract. *Cathcart v. Railroad*, 19 Mo. App. 114; *Terry v. Railroad*, 89 Mo. 587.

*Mortimer F. Taylor* and *R. L. McLaran*, for the respondent.

The judgment was for the right party, and defendant's declarations of law were rightly refused. *Trorlight v. Weizenecher*, 1 Mo. App. 482; *Beardslee v. Morgner*, 4 Mo. App. 139; *Barbara v. Occidental Grove*, 4 Mo. App. 429; *Lawrence v. Fox*, 20 N. Y. 268; *Biglow v. Meyers*, 64 N. Y. 43; *Vrooman v. Turner*, 69 N. Y. 280; *Crews v. Blodgett*, 64 Mo. 452. The declaration of law asked by plaintiff was warranted by the evidence. It is the duty of a common carrier to transport goods to their destination, if the destination is on its line, and, in no event, beyond the point named in the bill of lading, which always determines the

destinal point between the consignor and the carrier. *Lander v. Railroad*, 50 Mo. 346 ; *Moore v. Henry*, 18 Mo. App. 35. The doctrine that a third party may sue on a contract to which he was not a party, in certain cases, is too well settled in this state to admit of argument ; and the only question is, does this come within the rule ? We contend that there need be no privity between the promisor and the party claiming the benefit of the undertaking ; neither is it necessary that the latter should be privy to the consideration of the promise, for that a legal obligation or duty of the promisee to him will so connect him with the transaction as to be a substitute for any privity with the promisor, or the consideration of the promise. There must be some prior right or claim against the contracting parties, by which he has a legal interest in the performance of the agreement. *Vrooman v. Turner*, 69 N. Y. 280-4. In the case at bar, the evidence shows that plaintiff had a live existing contract with the consignor, the promisee, to forward all its freight over plaintiff's line, and this is a sufficient consideration, and is a legal obligation to the consignor under its contract with plaintiff, to ship goods to St. Louis, to be forwarded by plaintiff over its line.

ROMBAUER, P. J., delivered the opinion of the court.

The plaintiff is a common carrier from St. Louis, Missouri, to Nashville, Tennessee, and at the times hereinafter stated, one John E. Messengale was its freight agent in St. Louis. The defendant is a common carrier from Omaha, Nebraska, to St. Louis, Missouri.

In June, 1887, the Carter White-Lead Company, in Omaha, delivered to the defendant, one car load of white lead for transportation under a bill of lading, the portions whereof bearing upon the present controversy are as follows :

"OMAHA, June 2nd, 1877.

"Received from Carter White-Lead Company the following packages, contents unknown, in apparent good order, marked and numbered as per margin, to be transported from Omaha, Nebraska, to St. Louis, Missouri, and delivered to the consignee, or a connecting common carrier..................................

"NOTICE.—This contract is accomplished and the liability of the companies, as common carriers thereunder, terminates on the arrival of the goods or property at the station or depot of delivery, and the companies will be liable as warehousemen only thereafter, and unless removed by the consignee from the station or depot of delivery within twenty-four hours of their said arrival they may be removed and stored by the companies at owner's expense and risk.

"NOTICE.—In accepting this contract, the shipper, or other agent of the owner of the property carried, expressly accepts and agrees to all its stipulations and conditions.

"Consigned to BERRY, DEMOVILLE & Co., at Nashville, Tenn.

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

"*Via* St Louis,

"Care of JOHN E. MESSENGALE, Agent."

The defendant brought the freight to St. Louis, and delivered it there, to a connecting common carrier, other than plaintiff, and such carrier transported it to Nashville, and there delivered it to Berry, Demoville & Co., the consignees, who received it and paid freight charges thereon.

The plaintiff thereupon instituted the present action against the defendant, before a justice of the peace, for the recovery of the net freight money, that it, the plaintiff, would have earned if the white lead had been delivered by the defendant in St. Louis to the plaintiff, instead of another connecting carrier. The action is one

upon the contract and is sought to be supported on the theory that the contract between the shipper and the defendant was one for the incidental benefit of the plaintiff, and under the adjudications in this state, a person may sue upon a contract, made for his benefit between third persons, without his privity, although no part of the consideration moved from him.

Upon the trial of the case, the plaintiff introduced the bill of lading in evidence, and also testimony tending to show that it had an arrangement with the shipper, whereby it agreed to ship its white lead from St. Louis to Nashville over its line and connections at certain rates, and that white lead previously shipped under similar bills of lading had been delivered by the defendant to plaintiff previously for further transportation, and also evidence that it, the plaintiff, was ready and willing to forward this particular freight from St. Louis, although it had made no demand therefor. The plaintiff also gave evidence tending to show the amount of the net freight money it would have earned if the freight had been delivered to it.

The defendant demurred to this evidence, but the court overruled the demurrer and gave judgment for the plaintiff for the amount of the net freight money it would have earned. To this action of the court the defendant excepted and upon its present appeal still excepts.

Assuming that the court was justified to find from this evidence that the endorsement of the bill of lading, *via* St. Louis, care of John E. Messengale, agent, was, under the circumstances, evidence of a contract between the shipper and the defendant, that the goods were to be delivered to the plaintiff in St. Louis for further transportation, we cannot see how the plaintiff can recover any damages caused by its breach. It is true it has suffered loss by the fact that that part of the contract has not been performed, but it would have suffered the

same loss, if the goods had been lost in transit by the negligence of the defendant, between Omaha and St. Louis. We are aware of no case which goes to the extent, that where the first carrier fails in his contract of transportation with the shipper, all subsequent carriers named in the bill of lading may sue the first carrier for loss of profits resulting to them from his default. If the plaintiff's contention is correct, that result would necessarily follow.

The rule, which enables one to sue upon a contract made for his benefit, does not in its very nature include cases, where the contract is made for the benefit of the main contracting parties, and the plaintiff has no vested interest therein, but is merely incidentally benefited by its performance, or injured by its non-performance. This proposition was clearly stated by the Kansas City court of appeals, in *Markel v. Tel. Co.*, 19 Mo. App. 85.

Whether an action *ex delicto* can be maintained at common law, by one, who though no party to the contract, has suffered loss, by the carrier's disregard of his obligation, is a question which is not presented for decision by this record. Under the statement and evidence the plaintiff has made out no case, and the court should have so declared, when requested so to do by defendant.

Judgment reversed. All the judges concur.