## PARK BANK *v.* REMSEN.

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE SOUTHERN DISTRICT OF NEW YORK.

No. 316. Argued April 29, 1895. — Decided May 20, 1895.

The rulings of the Court of Appeals of New York, unanimously made, that the warehouse company did not become indebted to the plaintiff by reason of its endorsement of the notes which form the basis of this action, as the company was an accommodation endorser, of which fact the plaintiff was chargeable with notice, and that the liability of Remsen, as trustee of the company, was not primary, but secondary and dependent altogether upon a statute of that State of a penal character, ought to be recognized in every court as, at least, most persuasive, although the case in which the ruling was made has not yet gone to final judgment.

This court has held in *Chase* v. *Curtis*, 113 U. S. 452, that that statute of New York is penal in character, and must be construed with strictness against those sought to be subjected to its liabilities.

In the absence of any controlling decision this court is unwilling to hold that a provision of a general statute imposing a personal liability upon trustees or other officers of a corporation is incorporated into a special charter by a clause therein declaring that the corporation shall possess all the general powers and privileges and be subject to all the liabilities conferred and imposed upon corporations organized under such general act.

THIS case was tried by the court without a jury, and from the findings the following facts appear: The German-American Mutual Warehousing and Security Company (hereafter called the warehouse company) was a corporation of the State of New York, incorporated by c. 701, Laws N. Y. 1872, vol. 2, p. 1673. Section 9 of this chapter provides that "the corporation hereby created shall possess all the general powers and privileges, and be subject to all the liabilities conferred and imposed upon corporations organized under and in pursuance of an act entitled 'An act to authorize the formation of corporations for manufacturing, mining, mechanical, or chemical purposes,' passed February seventeenth, eighteen hundred and forty-eight, and the several acts extending and amending the same." It never made or published any of the reports required by section 12 of the act of 1848, which directed every company within the first twenty days of each year to make and publish in some newspaper a report signed by the president and a majority of the trustees, and verified by the oath of the president or secretary, and showing the total capital stock, the proportion actually paid in, and the amount of existing debts. Robert Squires was president, and William Remsen, the defendants' testator, a director and trustee of the company. Squires, Taylor & Co. were a firm doing business in the city of New York. It was composed of Robert C. Squires, (a son of the president of the warehouse company,) Charles E. Taylor, and Burnett Forbes. In 1878 this firm made two promissory notes, each to the order of themselves, which notes were endorsed by themselves in blank, and, after such endorsement, were also endorsed by the warehouse com-

pany, the endorsement being made by the president of the company and without the knowledge of Remsen or the other directors. These notes were discounted by the plaintiff. They were not paid at maturity, and, notice having been duly given, the plaintiff commenced an action in the Superior Court of the city of New York against the warehouse company as endorser. It recovered a judgment against the company, which was affirmed by the general term. 53 Jones & Spencer, 367. The company appealed to the Court of Appeals of the State, and on October 8, 1889, that court reversed the judgment. 116 N. Y. 281. It held that the warehouse company was not liable on the ground that it was an accommodation endorser, and that the plaintiff was chargeable with notice of the character of the endorsement, because the notes were presented for discount by the makers, who received the avails thereof.

Section 12 of the act of 1848, c. 12, hereinbefore referred to, provides that, for failure to file the reports specified therein, the trustees "shall be jointly and severally liable for all the debts of the company then existing, and for all that shall be contracted before such report shall be made." N. Y. Rev. Stats. 8th ed. vol. 3, p. 1957.

*Mr. Robert D. Murray* for plaintiff in error. *Mr. Francis C. Barlow* filed a brief for same.

The decision of the New York Court of Appeals is not binding upon the parties to the case at bar. Before considering the main question involved in the case at bar it is necessary to show that this court is not bound by the decision of the Court of Appeals of New York, which decided that the warehouse company was not liable upon the endorsements in question. *Park Bank* v. *German-American Warehousing & Security Co.*, 116 N. Y. 281.

Of course, if this court is bound by that decision, then the notes are not debts of the warehouse company, and are consequently not a liability of the company for which a trustee can be held under section 12 of the manufacturing act, and this action would necessarily fail. Of course, this court may

yield to the reasoning of the Court of Appeals, — but there is no reasoning in the opinion of that court.

There is no question of *res judicata* involved.  If the question of the liability of the warehouse company on these endorsements were *res judicata* in this action, that would be the end of our case.  But *res judicata* is neither pleaded or pretended in this action, and it is incumbent upon the defendant to plead and prove such a defence.  And if it were pleaded, it would fail, because it is not proved, for two reasons.

(1) There is nothing to show that a judgment was ever entered against the plaintiff.  As a matter of fact, no judgment ever was entered.  The Court of Appeals simply reversed the judgment and ordered a new trial.  As there was no judgment, there can be no question of *res judicata*.  A citation of authorities on this point would be unnecessary.  So far as the question of *res judicata* is concerned, there is therefore no reason why the plaintiff should not again sue the warehouse company in the courts of the State of New York.

(2) But if there had been a judgment against the plaintiff in the action against the warehouse company, that judgment would not bar the plaintiffs or protect the defendant in this action.  Judgments bind only parties and privies.

The defendant Remsen was not a " party " to the action against the warehouse company.  Nor was he a " privy," as has been decided by our Court of Appeals.

*Miller* v. *White*, 50 N. Y. 137, was an action precisely like that at bar, — that is, it was an action brought by a creditor of a manufacturing corporation, against a trustee of the corporation, for failing to file an annual report — which is the action which we bring against this defendant, under section 9 of the charter of the warehouse company and section 12 of the manufacturing act.

In *Miller* v. *White*, the plaintiff had previously recovered a judgment against the corporation, for the debt with which he charged the defendant as trustee — and the plaintiff there claimed that that judgment bound the trustee, as to the indebt-

edness of the corporation. But the Court of Appeals held that the trustee was not a "privy" to a judgment against his corporation, (and it was not pretended that he was a party, although the court held that he was not,) and, therefore, that the judgment against the corporation did not bind him.

The plaintiff was compelled to prove the indebtedness of the corporation *de novo*, as we have done in this action against the defendant William Remsen.

As the plaintiff in this action could not claim that a judgment which held that the warehouse company was liable established such liability as against this defendant, so the defendant in this action could not claim that a judgment that the warehouse company was not liable protects him.

The ground of the decision in *Miller* v. *White* was that a trustee is "neither a party or a privy" to an action against a corporation, and, as a judgment against the corporation does not bind the trustee, so a judgment in favor of the corporation does not protect him — since, as the courts say in *Meltzer* v. *Doll*, 91 N. Y. at p. 373, "It is of the essence of an estoppel by adjudication, that it should be mutual." See also, as following, *Miller* v. *White*: *Bruce* v. *Platt*, 80 N. Y. 379; *Whitney* v. *Cammann*, 137 N. Y. 342.

But here there is no judgment in favor of the warehouse company, but a simple discontinuance by the plaintiff after the decision of the Court of Appeals of New York, that the plaintiff had notice from the form of the transaction that the notes were endorsed by the warehouse company for the accommodation of Squires, Taylor & Co. If there were a judgment, it was for the defendant to plead and prove it.

The decision in *Miller* v. *White* is conclusive upon this court, since it is the construction put by the highest court of the State of New York upon a statute of that State; that is, a decision as to the relations of a corporation of that State with its trustees.

There being no question of *res judicata*, this court is not bound to follow the decision of the Court of Appeals in the warehouse case.

The defendant is liable for the debts of the warehouse com-

pany, by reason of its failure to file the reports required by section 12 of the manufacturing act, and is therefore liable upon the notes in suit. *Swift* v. *Tyson*, 16 Pet. 1; *Wakefield* v. *Fargo,* 90 N. Y. 213; *Veeder* v. *Mudgett*, 95 N. Y. 295.

*Mr. William H. Ingersoll* for defendant in error.

Mr. JUSTICE BREWER delivered the opinion of the court.

The highest court of the State which incorporated the warehouse company and in which it is situated, has ruled, in a direct action against it, that it did not become indebted to the plaintiff by reason of its endorsement. The liability of the defendants is not primary and that of a debtor, but secondary and depends altogether upon a statute of that State of a penal character, which declares that, upon certain omissions of duty on the part of a trustee, he shall become responsible for the debts of the company. Can the Federal Courts ignore the decision of the Court of Appeals and, in face of its unanimous opinion that the warehouse company is not indebted, compel the defendants to pay as a debt of the company that which has been thus decided to be no debt? Or, to state the proposition in another way: a statute of the State imposes a liability on a trustee for the debts of the company, of which he is trustee. The highest court of the State says there is no debt, and therefore no liability. Is it appropriate for this court to hold that there is a debt, and, by reason thereof, a liability? We are asked to enforce a statute of a State penal in its character, so far at least as the trustee is concerned, and, therefore, to be strictly construed, in a case in which its highest court rules that it ought not to be enforced. To the question as thus stated it would seem that there should be but one answer, and that the rulings of the highest court of a State as to liability under such a statute ought to be recognized in every court as at least most persuasive. That this statute is one of a penal character is settled, not merely by various decisions of the Court of Appeals of New York, but also expressly by this court in *Chase* v. *Curtis*, 113 U. S. 452, though as since held not "a penal law in the international sense." *Huntington* v. *Attrill*, 146 U. S. 657.

It is, however, insisted by the plaintiff that there has been no final adjudication in the courts of New York in the action against the warehouse company, the order made by the Court of Appeals being simply to set aside the judgment and grant a new trial; that the question of liability or non-liability of the warehouse company to the plaintiff is, therefore, not *res judicata;* that the plaintiff has a right, if it has not already exercised it, of discontinuing that case, in which event there will be no final judgment either for or against it, and nothing to prevent its commencing a new action either in the courts of New York State or in the courts of any other State in which it can secure service of process on the company; *Manhattan Life Ins. Co.* v. *Broughton,* 109 U. S. 121; *Gardner* v. *Michigan Central R. R. Co.,* 150 U. S. 349; that even if a final judgment had been rendered in the action against the warehouse company it would not bar the plaintiff or protect the trustee, for a judgment binds only parties and privies, and the trustee was neither a party to that action nor a privy thereto, *Miller* v. *White,* 50 N. Y. 137; that the question of the liability of the warehouse company to the plaintiff being thus still an open one, and depending not upon any statute or matter of local law but upon principles of general commercial law, this court is free to determine it according to its own judgment, and is not concluded by any opinion or ruling thereon by the state court.

It is further insisted that the Court of Appeals erred in its views of commercial law, and that while the presentation for discount by the maker of negotiable paper thus endorsed may suggest that the discount is for his own benefit, and that the endorsement is an accommodation endorsement, there is no conclusive presumption of law to that effect; that if the party discounting the paper makes no further inquiries, it is a mere matter of negligence, and that according to the rules laid down by this court negligence alone neither vitiates the title of the holder nor relieves any of the parties to the paper from the liability apparently assumed by their signatures thereto. We deem it unnecessary to determine this question. That the presentation for discount by the maker of paper drawn to his own order

and bearing the endorsement of another party does create a presumption that the endorsement is a matter of accommodation, is affirmed by the following among other authorities: *Bloom* v. *Helm*, 53 Mississippi, 21; *Hendrie* v. *Berkowitz*, 37 California, 113; *Stall* v. *Catskill Bank*, 18 Wend. 466; *Overton* v. *Hardin*, 6 Coldwell, 375; *Lemoine* v. *Bank of North America*, 3 Dillon, 44; *Erwin* v. *Schaffer*, 9 Ohio St. 43; 1 Daniel. on Neg. Ins. § 365; 1 Edwards on Bills App. 105, § 104. On the other hand, the plaintiff refers to these authorities as tending to show that the presumption arising under such circumstances is not a conclusive one. *Wait* v. *Thayer*, 118 Mass. 473; *Ex parte Estabrook*, 2 Lowell, 547.

Section 12 of the act of 1848 is not in terms reënacted in the charter of the warehouse company. It is, as we have seen, a statutory provision of a penal character, and before any party can be held bound by its provisions it must satisfactorily appear that the legislation of the State has rendered him subject thereto. The contention is that section 9 of the charter of the warehouse company in effect incorporates said section 12 into such charter, but the provision of section 9 is that the corporation shall possess all the general powers and privileges and be subject to all the liabilities conferred and imposed upon corporations organized under the act of 1848. It is the corporation which is given the powers and privileges and made subject to the liabilities. Does this carry with it an imposition of liability upon the trustee or other officer of the corporation? The officer is not the corporation; his liability is personal, and not that of the corporation, nor can it be counted among the powers and privileges of the corporation. How then can it be contended that a provision in a charter that the corporation thus chartered shall assume all the liabilities imposed by a general statute upon corporations carries with it a further provision of such general statute that the officers of corporations also assume, under certain conditions, the liabilities of the corporation? Does one by becoming an officer of a corporation assume all the liabilities resting upon the corporation; is not his liability of a distinct and independent character and dependent upon other principles? It is said that this is a mere

·question of statutory construction which has been settled by the Court of Appeals of New York in conformity with the views of plaintiff, but we do not so understand the scope of those decisions.

*Wakefield* v. *Fargo*, 90 N. Y. 213, is cited. In that case it appeared that the High Rock Congress Spring Company was organized under an act of 1863, chapter 63, which authorized three or more persons to incorporate in the manner specified in the act of 1848, heretofore referred to. Section 2 provided that " every corporation so formed shall be subject to all the provisions, duties, and obligations contained in the above-mentioned act, (the act of 1848,) and shall be entitled to all ·the benefits and privileges thereby conferred." Section 18 of the act of 1848 (3 Rev. Stat. 8th ed. 1958) made the stockholders "liable for all debts that may be due and owing to ·their laborers, servants, and apprentices for services performed for such corporation," and it was held that that·provision became incorporated into chapter 63 of the Laws of 1863, and that the defendants, as stockholders in the spring company, were liable accordingly. The matter is not discussed in the ·opinion, but the conclusion is stated as above. It·may be noticed, however, that the act of 1863, under which the spring company was organized, was entitled " An act to extend the operation and effect of the act passed February 17, 1848, entitled ' An act to authorize the formation of corporations for manufacturing, mining, mechanical, or chemical purposes ; ' " .and contained but two sections, the first authorizing the organization of three or more persons into a corporation in the manner specified, etc., and the second being as heretofore quoted. And so it may well be that the Court of Appeals considered the act of 1848 as passing bodily into the act of 1863, and that all the " provisions " (in the language of section 2) of the former became part of the latter act. Be that as it may, that decision comes short of meeting the question here. Even if it were conceded that it goes so far as to hold that " corporation," as used in that statute, includes stockholders as component parts thereof, it does not follow that it also includes the trustees, directors, or other officers. But it does not go to

the extent claimed. The opinion expressly says that "a stockholder is not liable for the general debts of the corporation, if the statute creating it has been complied with." The term "corporation" does not include stockholders, and a statute imposing a liability upon the corporation does not thereby impose the same upon the stockholders. Indeed, section 9 of the charter of the warehouse company makes special provision for the liabilities of the stockholders of the company, which was obviously unnecessary, if by the clause quoted all the provisions of the general incorporation act in respect to the liability of stockholders, trustees, and other officers were transferred to and made a part of the charter. We see nothing in the case of *Veeder* v. *Mudgett*, 95 N. Y. 295, to throw any light upon this question. So far then as the decisions of the Court of Appeals go they do not affirm that so much of the act of 1848 as imposes a special liability on trustees and directors was incorporated into the charter of the warehouse company by force of section 9 or otherwise. And in the absence of any controlling decision we are unwilling to hold that a provision of a general statute imposing a personal liability on trustees or other officers is incorporated into a special charter by a clause therein declaring that the corporation shall possess all the general powers and privileges and be subject to all the liabilities conferred and imposed upon corporations organized under such general act. Something more specific and direct is necessary to burden an officer of the corporation with a penalty for omission of duty.

We are of the opinion that the judgment of the Circuit Court was right, and it is *Affirmed.*