CROSBY *v.* PERE MARQUETTE RAILROAD CO.

1. RAILROADS—DISCRIMINATION—PENALTY—PARTY AGGRIEVED.

2 Comp. Laws, § 6235, provides that every railroad company shall transport passengers and property without partiality or favor, under a penalty for each violation of such provision of $100, to be recovered by the party aggrieved. *Held,* that such penalty could not be recovered by another common carrier, to whom property was consigned to be carried to its destination.

2. STATUTES—CONSTRUCTION.

A penal statute must be strictly construed.

Error to Muskegon; Russell, J. Submitted April 10, 1902. (Docket No. 50.) Decided June 27, 1902.

Debt by Edward G. Crosby and Robert B. Rice, copartners as the Crosby Transportation Company, against the Pere Marquette Railroad Company, to recover a penalty. From a judgment for defendant on verdict directed by the court, plaintiffs bring error. Affirmed.

*William Carpenter,* for appellants.

*Smith, Nims, Hoyt & Erwin (F. W. Stevens,* of counsel), for appellee.

MONTGOMERY, J. This is an action to recover the penalty prescribed by 2 Comp. Laws, § 6235, which reads as follows:

"Every such corporation shall furnish sufficient accommodation for the transportation of all such passengers and property as shall, within a reasonable time previous thereto, offer or be offered for transportation at the place of starting, and the junctions of other railroads, and at siding and at stopping places established for discharging and receiving way passengers and freight, and shall take, transport, and discharge such passengers and property at, from, and to such places on the due payment of toll, freight, or fare legally authorized therefor; and every such corpora-

tion shall transport merchandise, wood, lumber, and other property, and persons, from the various stations upon said road, without partiality or favor, when not otherwise directed by the owner of said property, and with all practicable dispatch, and in the order in which such freight and property shall have been received, under a penalty for each violation of this provision of one hundred dollars, to be recovered by the party aggrieved in an action of debt against such corporation: *Provided,* that perishable or explosive freight and property shall have the preference over all other classes of merchandise. In case of the refusal by such corporation or agents so to take and transport any such passenger or property as aforesaid, or to deliver the same, or either of them, without a legal or just excuse for such default, such corporation shall pay to the party aggrieved all damages which shall be sustained thereby, with costs of suit, or the penalty prescribed in this section, at the election of the party aggrieved."

The declaration avers, in the first count, that plaintiffs are copartners doing business under the firm name of the Crosby Transportation Company, and operating a line of steamboats carrying goods and merchandise for hire from the cities of Muskegon and Grand Haven, in the State of Michigan, to the city of Milwaukee, in the State of Wisconsin. It then avers the duty of defendant to furnish accommodation for the transportation of property offered for transportation, and to transport the same with all practicable dispatch, without partiality or discrimination, under a penalty of $100. It next avers that on the 26th day of August, 1901, one Charles F. Hale, of Shelby, Mich., within a reasonable time previous to the starting of defendant's train, offered to defendant's agent at its station at Shelby one car of fruit, consigned to the Crosby Transportation Company, at Muskegon, Mich., and offered to prepay the freight, but that defendant's agent, without legal or just excuse, refused to receive the car load of fruit, and that by reason thereof, and by force of the statute, "an action has accrued to the plaintiffs, who were the parties aggrieved by the said refusal, for the recovery of the penalty named in the statute." The second count is

131 Mich.—19.

general, alleging that defendant exercised partiality in accepting at its station at Shelby a car load of fruit to be delivered to the Goodrich Transportation Company, at Muskegon, and refusing to accept a certain other car load of fruit to be delivered to the plaintiffs, contrary to the form of the statute, by reason whereof "an action has accrued to the plaintiffs, they being the parties aggrieved, to recover from the defendant the penalty named in said statute," etc.

The case presents numerous interesting questions; but the question which meets us at the threshold of the case is whether the plaintiffs occupy such a relation to this proposed shipment of goods as entitles them to maintain this action. It is not averred that the fruit was the property of the plaintiffs, or that they had any interest therein other than the prospective profits which they might have earned as common carriers had the freight been shipped to them. This calls for a construction of the terms of the statute, which confine the recovery of the penalty to the "party aggrieved." It will be noted that the penalty fixed is "*a* penalty for *each violation* of this provision, to be recovered by the party aggrieved." The penalty arises "in case of the refusal by such corporation or agents so to take and transport any such passenger or property, or to deliver the same, without a legal or just excuse for such default." It would be an enlargement of this statute to hold that more than a single penalty was contemplated. A penal statute is not to be enlarged by construction. It would seem clear that the one offering the goods for shipment, or his principal, if he be an agent, would be a party aggrieved, within the terms of this statute. He is the person who, either on his own behalf or on behalf of the owner, has sought to invoke the service. It is his right which is, in the first instance, violated. Can it be said, then, that the plaintiffs, having no further interest than as common carriers, prepared to perform a service in case the freight was shipped and reached the point of connection with their line, have suffered a legal injury, such as excludes

the right of the shipper to recover, and transfers the cause of action to them ?   We think not.

A somewhat similar question was presented in *St. Louis, etc., Packet Co.* v. *Missouri Pac. R. Co.*, 35 Mo. App. 272. In that case plaintiff was a common carrier.   Goods had been consigned to the plaintiff's agent.   Instead of delivering the goods to the plaintiff's agent, they were delivered to another carrier, and plaintiff thereby lost the freight which it would have earned.   It was held that the plaintiff had no such interest in the contract between the shipper and the first carrier as entitled it to maintain an action.   It was said :

"The rule which enables one to sue upon a contract made for his benefit does not, in its very nature, include cases where the contract is made for the benefit of the main contracting parties."

So in the case of *Lafaye* v. *Harris*, 13 La. Ann. 553, under a statute which broadly declared that "every act whatever of man, that causes damage to another, obliges him by whose fault it happened to repair it," it was held that the refusal of a common carrier to take goods consigned to the plaintiff was a violation of the obligation to the shipper, and not to the consignee, and that an action for damages by the consignee would not lie in such a case.

A case which furnishes persuasive authority in the present is the case of *Hadley* v. *Telegraph Co.*, 115 Ind. 191 (15 N. E. 845).   In that case the court had before it for construction a statute which, in respect to the prohibition of discrimination, is singularly like the statute under consideration in this case.   It provided that telegraph messages should be received during the usual office hours, whether from other telegraph lines or from individuals, and should be transmitted upon the usual terms, with impartiality and in good faith, and in the order of time in which they were received.   It also prohibited discrimination in rates charged, and in the manner or conditions of service, between any of its patrons.   A third section provided that any person or company violating the provisions

of the act should be liable "to any party aggrieved" in a penalty of $100 for each offense. It was contended that the expression "any party aggrieved" was broad enough to include as well the person to whom or corporation to which the dispatch was directed, when aggrieved by a noncompliance with the requirements of the act, as the sender of the dispatch. The court applied the well-understood rule that, in construing a statute authorizing the recovery of a penalty, a strict, rather than a liberal, construction ought to be given to its provisions; and, while conceding that the fixed penalty was imposed for the breach of a duty which telegraph companies owe to the public generally, and not as damages for the nonperformance of a contract to properly transmit a dispatch, the court says that nevertheless "such a breach of duty cannot arise until after a telegraph company has either entered into a contract, or has become obligated to transmit the dispatch," and holds that the primary object of the statute was to protect the interests of patrons by preventing discrimination between them, and that the person to whom a dispatch is sent cannot become a party aggrieved, in the sense contemplated by the act under consideration; adding, "Any other construction might result in a multiplicity of suits to recover the same penalty." Our statute more clearly excludes the consignee, for not only is a single penalty provided for each violation, but the damages are given to "*the* party aggrieved," while under the Indiana statute "*any* party aggrieved" might recover the penalty.

Having reached the conclusion that these plaintiffs are not entitled to recover the penalty under this statute, it would be premature to discuss the other questions involved in the case. The circuit judge having directed a verdict for the defendant, the judgment will be affirmed, with costs.

HOOKER, C. J., MOORE and GRANT, JJ., concurred. LONG, J., did not sit.