YOUNG *v.* MOORE.

1. Constitutional Law — Statutes — Sufficiency of Title —·
Foreign Corporations.

Act No. 194, Pub. Acts 1905, amending Act No. 232, Pub. Acts.
1903, by including foreign corporations within the provisions·
imposing a liability on directors for failure to make reports,
is unconstitutional for the reason that the amendment is not
fairly within the title of the amended statute, which refers,
to domestic corporations only.

2. Statutory Construction—Penalties.

Statutes imposing penalties must be strictly construed.

3. Corporations—Foreign—Liability of Directors — Reports..

Act No. 310, Pub. Acts 1907, does not impose a liability on·
directors of a foreign corporation for failure to make annual
reports.

Certiorari to Mecosta; Palmer, J.  Submitted April 7,.
1910.  (Docket No. 20.)  Decided July 14, 1910.

Assumpsit by Sylvester A. Young against Henry H..
Moore and others upon certain promissory notes.  An or-
der overruling a demurrer is reviewed by defendants on.
writ of certiorari.  Reversed, and demurrer sustained.

*N. O. Griswold* (*Hyde, Earl & Thornton*, of counsel),
for appellants.

*Cogger & Broomfield*, for appellee.  ,

*John E. Bird*, Attorney General (*Arthur P. Hicks*
and *S. A. Kennedy*, of counsel), *amicus curiæ.*

Plaintiff brought suit against defendants, as directors
of the Tabard Office Supply Company, a foreign corpora-
tion, by which he sought to recover from them the
amount of two promissory notes made by said corpora-
tion.  The defendants, as such directors, had failed to·

make the annual report for the year 1907. The action is brought under the provisions of Act No. 232 of the Public Acts of 1903, as amended by Act No. 194 of the Public Acts of 1905. Defendants demurred to the declaration. The demurrer was overruled, and defendants bring the case into this court by writ of certiorari.

BROOKE, J. (*after stating the facts*). The Tabard Office Supply Company was admitted to do business in this State on December 15, 1906, under the provisions of Act No. 206 of the Public Acts of 1901. Section 5 of that act is as follows:

"Any foreign corporation so admitted to carry on business in this State shall be subject to any and all provisions of statute requiring the filing of reports by corporations of this State, organized for the purpose for which such foreign corporation shall have been admitted; and a failure to file such report within the time prescribed shall be sufficient cause for revoking the right of such corporation to carry on business in this State, which revocation may be declared by any court of competent jurisdiction on complaint filed by the attorney general."

This act was amended in 1907 (Act No. 310, Pub. Acts 1907), by providing in section 4 that—

"The secretary of State shall in the certificate which he issues state under what act such corporation is to carry on business in this State, and such corporation shall have all the powers, rights, and privileges, and be subject to all the restrictions, requirements, and duties granted to or imposed upon corporations organized under such act."

The certificate of admission granted by the secretary of State to the Tabard Office Supply Company, authorized it to do business in this State, "with all the rights and privileges, but subject to all the restrictions, requirements, and liabilities of a corporation organized under the provisions of Act No. 232 of the Public Acts of 1903." Section 12 of that act reads in part as follows:

"Every corporation subject to this act shall annually,

in the month of January or February, make duplicate reports for the fiscal year last ending, * * * and for refusal or neglect to make and deposit the reports required by this section before the first day of September in each year, the directors shall be liable for all the debts of such corporation contracted during the period of such neglect or refusal, and shall be immediately subject to all the penalties provided in this section."

This section was amended in 1905 (Act No. 194), by inserting after the words "every corporation subject to this act" the words "including every foreign corporation admitted to carry on business in this State under the provisions of this act." It is the position of the appellants that the amendment to section 12, *supra*, whereby the penalties incurred by directors of domestic corporations for failure to file the annual report are in terms likewise visited upon directors of foreign corporations, is unconstitutional and void.

Act No. 232, Pub. Acts 1903, is entitled:

"An act to revise and consolidate the laws providing for the incorporation of manufacturing and mercantile companies or any union of the two, and for the incorporation of companies for carrying on any other lawful business, except such as are precluded from organization under this act by its express provisions, and to prescribe the powers and fix the duties and liabilities of such corporations."

This title obviously relates to domestic corporations only, and we are of opinion that the amendment by which the legislature attempted to impose penalties upon directors of foreign corporations is not fairly within the title of the act, under our decisions. *Grosvenor* v. *Duffy*, 121 Mich. 220 (80 N. W. 19), and cases cited.

But it is urged by the appellee that the defendants are liable for the penalty, even though this amendment fails. This liability is predicated upon the language above quoted, from section 4, Act No. 310, Pub. Acts 1907, which makes foreign corporations "subject to all the restrictions, requirements, and duties" imposed upon cor-

porations organized under the act, which is designated by the secretary of State as the one under which such foreign corporation shall do business.    With some hesitation we have reached the conclusion that this ground is untenable.

It is not to be doubted that the legislature intended, by its amendment to section 12 of Act No. 232, to impose the same penalties upon directors of foreign corporations for failure to make the required reports as are visited upon those of domestic corporations, and it may be that in using the language quoted from section 4 of the so-called " Comity Act" the legislature intended to include in the words " foreign corporations" not only that impersonal and incorporeal thing, the corporation itself, but likewise its directors and stockholders, but nevertheless, statutes imposing penalties must be strictly construed.    *Gilbert* v. *Kennedy*, 22 Mich. 5; *Shaw* v. *Clark*, 49 Mich. 384 (13 N. W. 786, 43 Am. Rep. 474); *Crosby* v. *Railroad Co.*, 131 Mich. 288 (91 N. W. 124).    We are not disposed to enlarge by intendment the natural meaning of the words used.

This view is strengthened by an examination of the whole of Act No. 310, Pub. Acts 1907, which prescribes "the terms and conditions on which foreign corporations may be admitted to do business in Michigan."    It will be observed that that act itself provides specific penalties for the failure to file annual reports, to wit, the revocation of its certificate to do business, and section 5 provides that for a failure to comply with the requirements of that section, the corporation shall be subject to a penalty of not less than $100 nor more than $1,000 for every month it continues to transact business in Michigan without such compliance.    These provisions would seem to negative the idea that besides the express penalties prescribed, it was intended by the legislature in using the words "restrictions, requirements, and duties," to impose upon the directors (who are nowhere mentioned in the act) the added pen-

alty of personal liability for the debts of the corporation, in case it made default in filing its annual report.

A very similar question was before the Supreme Court of the United States in the case of *Park Bank* v. *Remsen*, 158 U. S. 337 (15 Sup. Ct. 891). There that court said:

"Section 12 of the act of 1848 is not in terms re-enacted in the charter of the warehouse company. It is, as we have seen, a statutory provision of a penal character, and before any party can be held bound by its provisions, it must satisfactorily appear that the legislation of the State has rendered him subject thereto. The contention is that section 9 of the charter of the warehouse company in effect incorporates said section 12 into such charter, but the provision of section 9 is that the corporation shall possess all the general powers and privileges and be subject to all the liabilities conferred and imposed upon corporations organized under the act of 1848. It is the corporation which is given the powers and privileges and made subject to the liabilities. Does this carry with it an imposition of liability upon the trustee or other officer of the corporation? The officer is not the corporation; his liability is personal, and not that of the corporation, nor can it be counted among the powers and privileges of the corporation. How then can it be contended that a provision in a charter, that the corporation thus chartered shall assume all the liabilities imposed by a general statute upon corporations, carries with it a further provision of such general statute that the officers of corporations also assume, under certain conditions, the liabilities of the corporation? Does one by becoming an officer of a corporation assume all the liabilities resting upon the corporation; is not his liability of a distinct and independent character and dependent upon other principles? * * * In the absence of any controlling decision, we are unwilling to hold, that a provision of a general statute imposing a personal liability on trustees or other officers, is incorporated into a special charter by a clause therein declaring that the corporation shall possess all the general powers and privileges and be subject to all the liabilities conferred and imposed upon corporations organized under such general act. Something more specific and direct is necessary to burden an officer of the corporation with a penalty for omission of duty."

We have examined the cases of *Nelson* v. *Bank of Fergus County*, 157 Fed. 161, 84 C. C. A. 609; *Starkweather & Shepley* v. *Brown*, 25 R. I. 142 (55 Atl. 201), and *Miller* v. *Quincy*, 179 N. Y. 294 (72 N. E. 116), cited for appellees, but find nothing therein, which, in our opinion, tends to cast doubt upon the correctness of the reasoning in *Park Bank* v. *Remsen, supra.*

It is a simple matter for the legislature, at its next session, by a suitable amendment to Act No. 310 of the Public Acts of 1907, to impose a personal liability upon directors of foreign corporations for failure to file annual reports, if, as is evidently the case, it intends such liability should attach. As its enactments now stand, we are of opinion that no such liability exists.

The order overruling the demurrer is reversed, and the demurrer sustained.

MOORE, McALVAY, BLAIR, and STONE, JJ., concurred.