MARY J. FREEMAN v. THE DETROIT, MACKINAC & MARQUETTE RAILROAD COMPANY.

*Railroad companies—Penalty for failure to carry passenger—Signaling train at way-station.*

Where a railway company sold a passenger a ticket from a *regular* station to a *flag-station*, and *return*, on which the passenger was carried to the flag-station, and on the return of the train no stop was made at the flag-station, where the passenger was waiting for the return trip, and claimed to have given the customary signal,—

*Held*, that the company was liable to the penalty imposed by How. Stat. § 3324, if the train-men saw the signal, and *willfully* ran by the station.

Error to Marquette. (Grant, J.) Argued February 9, 1887. Decided April 28, 1887.

Debt for statutory penalty. Defendant brings error. Affirmed. The facts are stated in the opinion.

*Ball & Hanscom*, for appellant.

*E. J. Mapes*, for plaintiff.

SHERWOOD, J. This is an action brought by the plaintiff to recover of the defendant the penalty provided by statute in a case where the railroad company refuses to transport a passenger over its road without legal and just cause.

How. Stat. § 3324, contains the provision which it is claimed furnishes the plaintiff with the foundation for her claim, and reads as follows:

"Every such corporation shall furnish sufficient accommodation for the transportation of all such passengers and property as shall, within a reasonable time previous thereto, offer or be offered for transportation at the place of starting, and the junctions of other railroads, and at siding and at stop-

65 MICH.—37.

ping places established for discharging and receiving way passengers and freight; and shall take, transport, and discharge such passengers and property at, from, and to such places, on the due payment of toll, freight, or fare, legally authorized therefor; and every such corporation shall transport merchandise, wood, lumber, and other property, and persons, from the various stations upon said road, without partiality or favor, when not otherwise directed by the owner of said property, and with all practicable dispatch, and in the order in which such freight and property shall have been received, under a penalty, for each violation of this provision, of one hundred dollars, to be recovered by the party aggrieved, in an action of debt against such corporation: *Provided,* that perishable or explosive freight and property shall have the preference over all other classes of merchandise.

"In case of the refusal by such corporation or agents so to take and transport any such passenger or property, as aforesaid, or to deliver the same, or either of them, without a legal or just excuse for such default, such corporation shall pay to the party aggrieved all damages which shall be sustained thereby, with costs of suit, or the penalty prescribed in this section, at the election of the party aggrieved."

The cause was tried in the Marquette circuit before Judge Grant by jury, and the plaintiff obtained a judgment in her favor of $100.

The circumstances of the case are quite fully stated in the charge of the circuit judge, and the principles of law applicable to the facts are so well applied by him in his instructions to the jury that I give herein the charge entire as embodying my views upon this record. It is as follows:

"The statute of this State provides that every railway corporation shall transport all persons from the various stations along its road, without partiality or favor, and with all practicable dispatch, under a penalty, for every violation thereof, of one hundred dollars.

"The plaintiff in this case has sued to recover that penalty. She resided in the city of Marquette. She purchased a ticket over the defendant's line to a station upon its road called Rock River Kilns, and return. She went to this station, and claims that she offered herself to be brought back—transported back—from Rock River Kilns to the city

of Marquette, on the twenty-third day of January last, and that the train which usually stopped at that place came by without stopping and taking her on board. This, it seems, is what is called a way-station or flag-station, where the trains did not stop unless there was freight or were passengers there to be transported, and then they stopped upon some signal that was to be given by those who had themselves to transport, or freight to transport, by the company.

" The defendant, having sold this ticket to this plaintiff to Rock River Kilns and return, was bound to stop there at the station known as Rock River Kilns, and bring the plaintiff back.

"Considerable has been said in regard to the signal. There is evidence before you that this is a customary signal given at this station in the night, which was by taking lanterns, and waving them across the track. There is evidence tending to show that the conductor had been in the habit of stopping this train for the purpose of taking on passengers in accordance with that signal. If it was the usual or customary signal that had been agreed upon between the railroad and parties living there or parties coming there, that would be sufficient. It would not be necessary, in order to establish liability upon the company, that it should have given to the public a certain signal which it would acknowledge, and stop at this station. It would be sufficient, if, in the course of travel, a certain signal had been recognized, given by the people, and recognized by the company. It would be the duty on the part of the proper officers or employés of the defendant upon the train in question to have been on the lookout, seen the signal, if it was given, and then to have stopped the train. Neglect to see the signal would not be any defense to the corporation. It was their duty to be on the lookout, and see the signal and stop the train. Passengers offered themselves to the defendant in this case at this station, known as Rock River Kilns, when they placed themselves upon the platform by the side of its track, and gave the customary signal for the train to stop. Any running by of the train without stopping, without any legal or just cause, as provided in the statute, would make the defendant liable to the penalty provided for by the statute.

" Now, as to the legal and just defense. The defendant claims in the case that it was a stormy night, that the signal was not given, and that it was not seen.

" Now, gentlemen, I charge you that if it was a stormy night, and such as to obstruct the roads in the cuts, that

have been testified about by the witnesses, so as to render it unsafe for this defendant to stop its train without danger of having to stay a long time, that would be recognized by the law as an excuse; but the simple failure to see the signal on account of the storm, which was given by the parties, would not be a just and legal excuse. Therefore, gentlemen, it is for you to determine in this case whether the plaintiff did give the signal, or whether some party gave it for her, and whether it was given on the platform on the night in question. If the signal was given which was the customary signal, and this defendant ran its train by without any excuse, as I have charged you, then the defendant would be liable for the penalty.

"If you find for the plaintiff, it will be a verdict for one hundred dollars. If you find for the defendant, you will say simply that you find for the defendant.

"The plaintiff in this case must preponderate. She must prove to you by a preponderance of evidence that she gave the signal—that she gave the customary signal—for them to stop, and also, by a preponderance of evidence, that there was no just excuse for the train to go by without taking her.

"*Mr. Ball.* Did I understand you to say that a failure to see the signal in any event would not be an excuse?

"*Mr. Mapes.* In this case I am willing for the court to leave it entirely to the jury whether they saw it or not.

"*Court.* Then, gentlemen, I charge you the law to be, under the admissions of counsel, that if the situation was such at this station, upon the night in question, that the defendant's proper employés upon this train could not, in the exercise of due diligence and care, have seen this light, that would have been a sufficient excuse for them; and if, under those circumstances, they did not see the light, then the plaintiff cannot recover."

It is claimed by counsel for appellant that the penalty prescribed by the section referred to does not apply to the default declared upon. I am not able to concur in this view. The proviso contained in the section places that question beyond doubt or reasonable controversy, as I construe it. The plaintiff held a ticket which entitled her to ride on the defendant's train between the two stations named; and when she went to the depot for the purpose of taking the coach, and was there in time so to do, and gave the proper signal for the train to

stop, it was the defendant's duty to stop the train and take her on board, and her being there ready at the station was a sufficient offer of herself as a passenger on that occasion, and of this there is abundant testimony in the case. She could not offer herself as a passenger to enter a running train; neither could she do more than she did to obtain passage on that occasion.

The two exceptions taken to the rulings of the court in admitting testimony are not argued by the learned counsel for the defendant in their brief. We do not, therefore, consider them here.

No error appearing in the record, the judgment must be affirmed.

MORSE, J., concurred with SHERWOOD, J.

CAMPBELL, C. J. I concur in the result.

CHAMPLIN, J. I concur in the result upon the sole ground that there was evidence in the case from which the jury may have found that the train-men saw the signal, and willfully ran by the station.