DAVID W. FOX v. LOUIS FRANCHER.

*Plank-road companies — Illegal toll — Penalty — Construction of plank-road acts.*

1. The taking of illegal toll must be deliberate and willful, and with knowledge of the number of miles traveled by the toll-payor, in order to subject the toll-gatherer to the payment of the forfeiture provided for by How. Stat. § 3636.

2. How. Stat. § 3636, being section 41 of Act No. 155, Laws of 1851, does not apply to plank-road companies organized and existing at time of its passage under special charters, and governed by Act No. 62, Laws of 1848.

Error to Wayne. (Jennison, J.) Argued June 16, 1887. Decided June 23, 1887.

Assumpsit for penalties for collecting illegal toll. Plaintiff brings error. Affirmed. The facts are stated in the opinion.

*Edwin Henderson* and *James H. Pound,* for appellant.

*C. A. Kent,* for defendant.

MORSE, J. The plaintiff sued defendant in assumpsit for penalties, as provided by section 3636 of Howell's Statutes, for overcharging plaintiff toll. The defendant is a toll-gatherer for the Detroit & Saline Plank Road Company.

The plaintiff on the trial offered testimony tending to show that the defendant collected toll at the toll-gate situated on the corner of Vinewood and Michigan avenues, in the city of Detroit. The plaintiff was a collector of accounts, etc., and during the month of May, 1886, he had driven with one horse and a buggy upon Michigan avenue, in said city, from Twentieth street to a point between Scotten and Clark avenues, on said Michigan avenue, and within said city of Detroit, a distance of not more than three quarters of a mile,

and less than one mile, thirty times. Upon each of these times he passed through the toll-gate kept by the defendant. The defendant claimed and demanded of him the sum of two cents for toll, which the plaintiff paid to him at each time.

The defendant offered no evidence, but requested a verdict to be directed in his favor.

The plaintiff claimed that, under the evidence, he was entitled to a verdict for $150.

The court complied with the request of the defendant, and we think the action of the circuit judge was correct.

The Detroit & Saline Plank Road Company, of which the defendant was a gate-keeper, was organized and exists under a special charter granted in 1848,[1] and the general plank road act of that year was made a part of said charter.[2] How. Stat. § 3636, under which the plaintiff brought his action, provides that—

" Every toll-gatherer at any such gate [referring to toll-gates of plank road companies] who shall   *   *   *   demand or receive from any person more toll than by law he is authorized to collect, shall for each offense forfeit the sum of five dollars to the party aggrieved, and shall be liable to the party aggrieved for all damages."[3]

In the first place, this is a penal statute, and must be strictly construed. There is no evidence in the record that the defendant, at any of the times he received the toll, knew the distance plaintiff had traveled, or was going to travel on the road. The plaintiff made no objection to paying the toll demanded.

We do not think it was intended by the Legislature to enforce a forfeiture in a case like the present. The gate-keeper cannot be held liable for taking illegal toll, unless he does so with the knowledge of the number of miles traveled

[1] See Act No. 100, Laws of 1848.

[2] See Act No. 62, Laws of 1848.

[3] See Act No. 155, Laws of 1851, § 41.

or to be traveled on the road by the person paying the toll; otherwise there could be no safety in his taking over one cent for toll for one horse and buggy of any one. It must be a deliberate and willful violation of the law on the toll-gatherer's part. Ignorance of the law would not excuse him; but ignorance of the fact that the traveler intended to go, or had traveled, less than one mile upon the road, would do so.

The defendant's counsel also claims that this section of the statute does not apply to toll-gatherers upon this plank road, as the plank-road act of 1851, of which the section is a part, does not apply to roads organized under the Laws of 1848, but only to such companies as should be organized after the act of 1851 became a law.

This claim meets our views. The Legislature has always kept the Laws of 1848 and 1851 separate in amendments of the same, and the compilers have done the same.

The law of 1851 manifestly was not intended to apply to the roads organized and existing at the time of its passage under special charters, and governed by the law of 1848.

The judgment of the court below is affirmed, with costs.

The other Justices concurred.