# LAKE ERIE & WESTERN RAILROAD COMPANY

## v.

# THE PEOPLE OF THE STATE OF ILLINOIS, FOR USE, ETC.

*Railroads—Failure to Stop—Penalty—Sec. 88, Chap. 114, R. S.*

1. The statute providing that a railroad company is liable to a penalty for failing to stop any one of its trains at a given station on the line of its road is a penal one (the judgment rendered in such case is in the nature of a fine), and must be strictly construed, and to warrant the imposition of the punishment provided, the proof must bring the one accused of its violation clearly within the provisions of the law.  Courts have no power to extend such enactments to cases not clearly within their terms, nor can usage or custom be held to extend the terms of a penal statute.

2. The rule applicable to the enforcement of a penal statute is, that it should be clearly made to appear that the precise statutory offense has been committed.

3. The word "advertised," in common acceptation means notices printed, written, or published in a newspaper.

4. A given station not being a county seat, unless it is "advertised by the railroad company as a place for receiving and discharging passengers" the statute can not be invoked in case of a failure to stop.

5. Where a station is advertised as a place where trains will only stop on signal, a failure to stop thereat because signaled to do so, or because of

a contract with an agent of the company to do so, or because such train usually stopped there when requested, will not justify the infliction of the statutory penalty, though it would possibly warrant a recovery of damages suffered in case of signal.

[Opinion filed December 3, 1891.]

APPEAL from the Circuit Court of McLean County; the Hon. A. SAMPLE, Judge, presiding.

Mr. A. E. DE MANGE, for appellant.

Messrs. KERRICK, LUCAS & SPENCER, for appellees.

BOGGS, J.  In this action in the court below, a judgment was rendered against appellant in the sum of $100, as a penalty for failing to stop its passenger train at Carlock, a village on the line of its road, according to the requirement of Sec. 88, Chap. 114, of the Revised Statutes, which is as follows:

" Every railroad corporation shall cause its passenger train to stop upon its arrival at each station advertised by such corporation as a place for receiving and discharging passengers upon and from such trains, a sufficient length of time to receive and let off such passengers with safety.  Provided, all regular passenger trains shall stop a sufficient length of time at the railroad station of county seats to receive and let off passengers with safety."  Sec. 90 of the same chapter provides for a forfeiture of not less than $100, nor more than $500, for a violation of such provision.

Richard L. Carlock, the beneficial plaintiff, was a passenger on train No. 4 and desired to alight at the village of Carlock, but the train did not stop there.  Carlock is not a county seat, and unless it was " advertised by the appellant as a place for receiving and discharging passengers," the statute in question imposed upon the appellant no duty of stopping its train there.

Appellees contend that the proof shows, first, that this train called No. 4, uniformly stopped at Carlock whenever there was a passenger on board who wished to alight there, or

whenever there was any one at the station who wished to get on the train; second, that the station agent told Mr. Carlock that the train No. 4 would so stop; third, that Mr. Carlock was received on the train and his ticket taken by the conductor; fourth, that upon the printed "folder," train No. 4, 1:10 A. M., was given as the time the train would arrive at Carlock, but by a star which referred to the foot of the page it was noted that it would "stop only on signal." These facts appellee further contends constitute an "advertisement" of Carlock as a place for receiving and discharging passengers within the meaning of the enactment in question.

This statute is a penal one; the judgment rendered against the appellant is in the nature of a fine inflicted for its violation. Such statutes are to be strictly construed, and to warrant the imposition of the punishment provided, the proof must bring the one accused of its violation clearly within the provisions of the law. Courts have no power to extend such enactments to cases not clearly within their terms. Nor can usage or custom be held to extend the terms of a penal statute. I. & St. L. R. R. & C. Co. v. People, 19 Ill. App. 141; Same v. Same, 122 Ill. 506.

The word "advertised," in common acceptation means notices printed or written or published in a newspaper. Anderson's Law Dictionary, 38. Advertisements are notices published either by handbills or in a newspaper, is a definition given in Bouvier's Law Dictionary, 138.

It is in this sense that the word was employed by the legislature in this enactment.

Carlock was not advertised by the folder as a "place for receiving and discharging passengers," but was expressly advertised as a place where the train would only stop if signaled to do so. A failure to stop if signaled might of course subject the appellant to such damages as the failure should cause, but to hold that a failure to stop there because signaled to do so, or because of a contract with the agent of the appellant to do so, or because such train usually did stop when requested, would subject the appellant to the forfeiture provided for in violation of the statute in question, would simply

be an extension by the court of a penal statute to a case not within its terms.

The rule applicable to the enforcement of a penal statute is that it should be clearly made to appear that the precise statutory offense has been committed. C. B. & Q. R. R. Co. v. People, 77 Ill. 443.

The facts relied upon by appellee to sustain an allegation that Carlock was "advertised as a place for receiving and discharging passengers," might have weight and application, if the action had been to recover damages actually sustained by the beneficial plaintiff by reason of the failure to stop, but they do not justify the infliction of a penalty by way of punishment under the statute for not stopping.

For the reasons indicated the judgment must be reversed.

*Judgment reversed.*