THE WESTERN UNION TELEGRAPH COMPANY *v.* ROUNTREE.

Under the act of October 22d, 1887 (Acts of 1887, p. 111), an electric telegraph company is not liable for the penalty of one hundred dollars for a verbal, though material, inaccuracy in the transmission of a message. The words, " shall transmit and deliver . . . with impartiality and good faith, and with due diligence," relate, so far as the purposes of this act are concerned, to the time within which the transmission and delivery must be accomplished, and not to accuracy and correctness in sending and transcribing dispatches.

October 30, 1893.

Action for penalty. Before Judge WESTMORELAND. City court of Atlanta. May term, 1893.

The message was received for transmission during usual office hours in Atlanta, and was delivered to the sendee at Macon without delay. As written by the sender it was : " Expect me there on East Tennessee train at seven thirty." As delivered to the sendee, the word " seven " had been changed to " eleven."

BIGBY, REED & BERRY and DORSEY, BREWSTER & HOWELL, for plaintiff in error. D. W. ROUNTREE, *contra.*

LUMPKIN, Justice.

The act of 1887 prescribing the duty of electric telegraph companies as to receiving and transmitting dispatches, and fixing penalties for violations thereof, was intended to prevent discriminations and to secure promptness in the transmission and delivery of telegraphic dispatches. With reference to the latter object, its terms relate to the time within which these companies must perform the services required, and not to the ac-

curacy and correctness with which such services may be rendered.

In deciding the question presented by the case at bar, we have given the act a most thorough examination and consideration, and are entirely satisfied with our conclusion that the General Assembly did not intend to impose upon telegraph companies a penalty of one hundred dollars for a mere verbal error in the sending of a dispatch, or in the transcribing of it at the receiving office, even though the error be a material one.    To hold otherwise than we do on this question would be to give to the act an exceedingly harsh construction. The elements of impartiality and good faith are not involved in this case, but the defendant in error contended that the requirement to transmit with " due diligence " means to transmit *accurately*, as well as promptly.    We do not think the words quoted can fairly have this interpretation, especially in view of the rule that penal statutes must be construed strictly, and should not be so enforced as to impose a penalty in a case admitting of doubt.    We are fortified in our judgment by the fact that the *proviso* of the first section of the act distinctly declares that nothing in the act " shall be construed as impairing, or in any way modifying, the right of any person to recover damages for any such breach of contract or duty by any telegraph company, and said penalty and said damages may, if the party so elect, be recovered in the same suit."    It will thus be seen that for any damage resulting from mere verbal mistakes or errors, the complete remedy of the party injured is fully guarded and preserved.    The penalty may be recovered where the company fails to transmit and deliver a dispatch with that degree of promptness which due diligence requires; and actual damages may be recovered wherever they are caused by the negligent mistakes or errors of the company, irrespective of the question of

punctuality. These views, we think, cover, and are in perfect harmony with, the entire scope and purpose of the act, so far as it bears upon the case at bar.

*Judgment affirmed.*