WEAVER v. GRAND RAPIDS & INDIANA RAILROAD CO.

TELEGRAPH COMPANIES—FAILURE TO SEND MESSAGE—PENALTY.

1 How. Stat. § 3706, imposing upon the owners of telegraph lines the duty to transmit dispatches with impartiality and good faith, under a penalty of $100 for every neglect or refusal so to do, is designed to punish cases of willful discrimination or partiality, and no penalty is recoverable for the mere negligent omission to transmit a message.

Error to Kent; Adsit, J. Submitted November 5, 1895. Decided December 10, 1895.

*Assumpsit* by John D. Weaver against the Grand Rapids & Indiana Railroad Company to recover the statutory penalty for failing to transmit a telegram. From a judgment for plaintiff, defendant brings error. Reversed.

*T. J. O'Brien* and *James H. Campbell,* for appellant.

*Drury & Strong,* for appellee.

LONG, J.    This suit was brought to recover the penalty of $100, under section 3706, 1 How. Stat., for failure to transmit a telegram.    The court below found that the plaintiff sent the following telegram from Goshen, Ind., by the Western Union Telegraph Company, December 31, 1893:

"To S. M. WEAVER,
        "Six Miles North of Harbor Springs, Mich.:
"Mother died this morning.    Come immediately.    Will pay your way when you are here.    Answer by telegraph if you come, yes or no."

That this telegram was handed to the agent at 12 o'clock noon on the day of its date, being Sunday, the plaintiff at the time paying the agent $1.01 for the transmission of the message, and $3 for a carrier from Harbor Springs to the home of S. M. Weaver; that the agent transmitted the message over the Western Union lines to Grand Rapids, for the reason that its lines did not extend to Harbor Springs, but only to Petoskey; that the message was received at 5:25 o'clock in Grand Rapids by the agent of the Western Union Telegraph Company there, and by him transmitted to the defendant's agent at Grand Rapids, to be forwarded by him to Harbor Springs; that said agent also paid to defendant's agent 42 cents for transmitting the message, and $3 for carrying it to the address therein named; that defendant's agent promised to send it to its destination.    The court also found that the defendant wholly failed and neglected to transmit said message with impartiality and good faith.    Judgment was entered in favor of the plaintiff for the penalty.

It is contended by the defendant:

1. That the penalty imposed by section 3706, 1 How. Stat. (being section 14, Act No. 59, Laws 1851, entitled "An act to authorize the formation of telegraph companies)," cannot be applied to a railroad company incorporated under the general railroad laws, nor to any per-

son or corporation other than telegraph companies incorporated under the above act.

2. That the defendant is engaged in interstate business, and that the penalty imposed by the Michigan statute (section 3706) upon a company so engaged, and applied to interstate business, is in violation of the Constitution of the United States.

3. That the court erred in finding as a fact that the defendant did not transmit the message with impartiality and good faith, and in refusing to find that the message was not transmitted because of mistake or oversight, and that it was not withheld intentionally, or because of any discrimination, partiality, or bad faith.

4. That the penalty allowed by the statute can be recovered only for the willful withholding of a dispatch as a discrimination against the sender, and because of partiality and bad faith; that it cannot be recovered for mere failure to transmit without any wrongful motive.

We need discuss but one question. The finding of bad faith has no support by the proofs. It is also contradicted by the further finding of the court that the message was misplaced by defendant's agent at Grand Rapids, and so escaped the attention of the operator, and was not sent. The evidence supports this finding. There is a material distinction between mistake or oversight and partiality and bad faith. The statute imposes the duty to transmit messages with impartiality and good faith under a penalty of $100 for each neglect or refusal to do so. We need not determine in this case whether this statute has reference to a railroad company owning and operating a telegraph line within this State, as we are satisfied that the judgment cannot stand under the evidence. This is a penal statute, and must be strictly construed. *Fox* v. *Francher*, 66 Mich. 536. The statute was intended as a punishment for willful wrongdoing by discrimination or partiality in favor of one or against another, and not to punish mere inadvertence or mistake, without any wrongful motive. It was stipulated in the case that the plaintiff sustained no actual injury, and the recovery of the penalty would not have taken away any

right of action to recover damages for actual loss, had he sustained any. The plank road act was under consideration in *Fox* v. *Francher, supra,* and the suit was for recovery of a penalty. It was held that the statute was penal, and must be strictly construed, and that, in order to sustain a recovery, there must be a deliberate and willful violation of the law on the toll-gatherer's part. In *Myer* v. *Hart,* 40 Mich. 517, the action was to recover the penalty prescribed by the statute for refusing to discharge a mortgage, and it was held that the penalty could be recovered only for a wrongful refusal to discharge. And in *Parkes* v. *Parker,* 57 Mich. 57, and *Canfield* v. *Conkling,* 41 Mich. 371, the court declined to impose the statutory penalty for refusing to discharge a mortgage where the mortgagee was mistaken, and did not act in bad faith.

The statute of Indiana in reference to sending messages is very much like our own. In *Western Union Tel. Co.* v. *Steele,* 108 Ind. 163, an action was brought to recover the penalty under the statute. The claim was, as here, that the company, in neglecting to send the message, had incurred the penalty. It was said:

"It is settled law that a penal statute must be strictly construed; and we are, therefore, required to confine the operation of the statute to the cases which it specifies, for we cannot extend it by construction. Acting upon this rule, we must hold that the act does not prescribe a penalty for neglect in transmitting messages. This conclusion is, indeed, the only one that can be reached without greatly enlarging the words of the statute. * * * The act prescribes a penalty for a breach of duty only in three cases,—bad faith, partiality, and discrimination; and the complaint before us shows, at most, a mere neglect of duty, and fails entirely to show bad faith, partiality, or discrimination."

See, also, *Western Union Tel. Co.* v. *Swain,* 109 Ind. 405; *Western Union Tel. Co.* v. *Griffin,* 1 Ind. App. 46; *Western Union Tel. Co.* v. *Rountree,* 92 Ga. 611; *Wolf* v. *Telegraph Co.,*

94 Ga. 434; *Frauenthal* v. *Telegraph Co.*, 50 Ark. 78; *Baltimore & Ohio Tel. Co.* v. *State*, (Ark.) 6 S. W. 513.

The court should have found, under the evidence, that the mere fact that the telegram was mislaid and forgotten by the agent, and in consequence did not come to the notice of the operator of defendant, was a mere neglect of duty, and that no bad faith, within the terms of the statute, was shown, and, upon such finding, have entered judgment in favor of defendant.

The judgment of the court below must be reversed, and judgment entered here in favor of defendant, with costs of both courts.

The other Justices concurred.