VAN CAMP *v.* MICHIGAN CENTRAL RAILROAD CO.

1. STATUTES—CONSTRUCTION—PENAL STATUTES.
   Penal statutes will not be enlarged by construction.

2. CARRIERS—PASSENGERS—TRANSPORTATION—CHANGE OF SCHEDULE.
   Railroad companies may change their time-tables and may

take off and put on trains, only reasonable notice to the public of such changes being necessary. 2 Comp. Laws, § 6235.

3. SAME—CHANGE OF SCHEDULE—NOTICE.

If, after reasonable public notice of change of schedule has been given, a ticket agent misinforms a passenger, the statute (2 Comp. Laws, § 6235) providing a penalty in such cases does not apply, and the passenger can recover only his actual damages as at common law.

4. SAME—TRAIN SCHEDULES—FAILURE TO MAINTAIN—PENALTY.

Where a railroad company had advertised a train on a branch line to leave a connecting point shortly after the arrival of another train, and had sent printed posters to its agents showing the contemplated operation of such train, but before the time arrived when the train was advertised to be put on notice of its withdrawal was sent to some of the company's agents, and was published, but the agent at Y. had received no such notice, by reason whereof he sold a ticket to plaintiff for passage over such branch line, and advised her of the running of the advertised train, and on her arrival at the junction point she was compelled to remain there overnight, the company was liable for the penalty prescribed by 2 Comp. Laws, § 6235, for failure to transport in accordance with her contract.[1] HOOKER and CARPENTER, JJ., dissenting.

Error to Berrien; Coolidge, J. Submitted May 17, 1904. (Docket No. 141.) Decided September 13, 1904.

Debt by Alberta E. Van Camp against the Michigan Central Railroad Company for failure to transport, under 2 Comp. Laws, § 6235. There was judgment for plaintiff on a verdict directed by the court, and defendant brings error. Affirmed.

This suit was brought to recover the penalty of $100 provided by section 6235, 2 Comp. Laws, for the failure of the defendant to transport the plaintiff, in accordance with her contract of carriage, without legal or just excuse. Her home was in Benton Harbor, Mich. She was attending school at Ypsilanti, Mich. She purchased a ticket

[1]As to liability to passenger for default or delay in running railroad train, see note to *Hansley* v. *Railroad Co.*, (N. C.) 32 L. R. A. 543.

June 24, 1903, good for a continuous passage from Ypsilanti to Grand Junction. Her route was over the main line of the Michigan Central to Kalamazoo, from which place defendant has a branch line to Grand Junction. Previously to and at the time of purchasing her ticket she inquired of the defendant's agent at Ypsilanti if she could take the train leaving Ypsilanti at 1:25 p. m., and make close connections at Kalamazoo with the train for Grand Junction. She was informed by the agent that she could, and he showed her a schedule stating that a train left Kalamazoo at 4:45 p. m., her train on the main line arriving at 4:25 p. m. She testified that she relied upon the schedule shown her, and the statement of the agent in purchasing a ticket. On arrival at Kalamazoo she was informed that there was no train running to Grand Junction at 4:45, and she was therefore obliged to remain in Kalamazoo overnight. Defendant introduced as a witness its agent at Kalamazoo, who testified that the defendant had issued a time card to take effect June 14, 1903, showing a train scheduled to leave Kalamazoo at 4:45 p. m. each day except Sunday; that that card was canceled by another one, eliminating that train from the schedule, and that a notice was received from the division superintendent's office at Jackson advising that this train would not be put on until further notice; and that a further notice was received June 29th announcing that this train would commence to run July 1st. A time card was introduced in evidence, in which this train was advertised, to take effect June 14th. The evidence did not show when this card or time-table was posted in the office whence it was taken.

The above is a statement of all the evidence produced upon the trial. The court directed a verdict for the plaintiff for the statutory penalty of $100.

*Humphrey S. Gray* and *G. M. Valentine,* for appellant.

*John J. Sterling* and *Cady & Andrews,* for appellee.

GRANT, J. ( *after stating the facts* ). The statute is a
penal one, and will not be enlarged by construction. *Cros-
by* v. *Railroad Co.*, 131 Mich. 288 (91 N. W. 124).

In several cases we have discussed what constitutes a
" legal and just excuse " within the meaning of the statute.
*Freeman* v. *Railroad Co.*, 65 Mich. 577 (32 N. W. 833);
*Reed* v. *Railway Co.*, 100 Mich. 507 (59 N. W. 144);
*Hoyt* v. *Railway Co.*, 112 Mich. 638 (71 N. W. 172).

The learned counsel for the defendant contend that
the undisputed facts do not bring the case within the stat-
ute.    They admit that the defendant had determined to
put on this extra train for summer service to leave Kala-
mazoo at 4:45 p. m. for South Haven, passing through
Grand Junction; that time-tables showing such train were
prepared, and public posters were printed and sent to the
agents along the line for public distribution; that they
were to take effect June 14th.    But they insist that imme-
diately thereafter, and before June 14th, notice was sent
to the several agents that this extra summer train would
not be put on until further notice, and that a new public
poster or time-table for distribution, omitting this extra
train, was issued and published. If the facts were as stated,
the defendant's position would undoubtedly be correct.
Railroad companies may change their time-tables, may
take off and put on trains, and all that the statute requires
is that they give reasonable notice to the public of such
change. *Sears* v. *Railroad Co.*, 14 Allen, 433 (92 Am.
Dec. 780).    If, when such reasonable notice is given, the
ticket agent misinforms a passenger, this statute does not
apply, and the passenger so misinformed can recover only
his actual damages. *Ohio, etc.*, *R. Co.* v. *Hatton*, 60
Ind. 12; *Marshall* v. *Railway Co.*, 78 Mo. 610; *St. Louis,
etc.*, *R. Co.* v. *Atchison*, 47 Ark. 74 (14 S. W. 468).    In
such case he must count upon the common-law liability,
and not upon that of the statute.

The mistake of counsel is one of fact, and not of law.
The undisputed facts are that the plaintiff applied two or
more times to the authorized agent of the defendant to

ascertain about this train. She was shown a time-table issued by defendant and in the hands of its duly authorized agent. She was under no obligation to look for a schedule posted in the defendant's depot or published in the newspapers. She went to the proper place for the most reliable information. She obtained it by being shown a printed schedule. She relied on it as well as on the representations of the agent. This made her case, and entitled her to a judgment under the statute, unless the defendant showed "a legal and just excuse" for not carrying her in accordance with her contract of carriage and printed schedule. The defendant wholly failed to show that the notice countermanding the advertised schedule was delivered to its agent at Ypsilanti. Its only witness was the agent at Kalamazoo, who had nothing to do with issuing or countermanding schedules. He did not know, and did not testify that he knew, that any such countermand or notice was sent to the agent at Ypsilanti. Neither the agent at Ypsilanti nor the defendant's agent who was authorized to issue the schedule was called upon to testify that any such notice or countermand was sent to or received by the agent at Ypsilanti. It cannot, therefore, be said that the act which caused the plaintiff to purchase her ticket and take the train was solely that of the ticket agent at Ypsilanti. On the contrary, it was the act of the defendant itself in issuing and publishing its schedules and failing to notify its agent of the change. So far as this record shows, the agent relied upon this schedule, and was authorized to rely upon it until notified otherwise.

The plaintiff made a case within the statute, and the judgment is affirmed.

MOORE, C. J., and MONTGOMERY, J., concurred with GRANT, J.

HOOKER, J. (*dissenting*). The plaintiff purchased a ticket over defendant's railroad, from Ypsilanti to Grand Junction, upon the representation made by defendant's agent at Ypsilanti that a train upon defendant's branch

road, running from Kalamazoo. to Grand Junction, would leave soon after the arrival at Kalamazoo of the train over its main line. In a schedule issued shortly before by the defendant such connection was advertised, but in fact this schedule was changed before the time for it to take effect, and trains were not run in accordance with it at any time. The agent-at Ypsilanti was unaware of this withdrawal, or forgot it, though the agent at Kalamazoo testified that the schedule referred to was canceled by a later one, which omitted this train. The plaintiff was misled by the statement of the agent at Ypsilanti, and was obliged to stay for the night in Kalamazoo in consequence. She thereupon began this action to recover a penalty of $100, under 2 Comp. Laws, § 6235, and the circuit judge directed a verdict in her favor for that sum. The defendant brings error.

The statute in question (2 Comp. Laws, § 6235) is a part of the law providing for the incorporation of railroad companies, and to regulate the running and management and to fix the duties and liabilities of such companies. Section 6235 is as follows:

"(6235) Sec. 10. Every such corporation shall furnish sufficient accommodation for the transportation of all such passengers and property, as shall, within a reasonable time previous thereto, offer or be offered for transportation at the place of starting, and the junctions of other railroads, and at siding and at stopping places established for discharging and receiving way passengers and freight; and shall take, transport, and discharge such passengers and property at, from, and to such places, on the due payment of toll, freight, or fare, legally authorized therefor; and every such corporation shall transport merchandise, wood, lumber, and other property and persons from the various stations upon said road, without partiality or favor, when not otherwise directed by the owner of said property, and with all practicable dispatch, and in the order in which such freight and property shall have been received, under a penalty for each violation of this provision, of one hundred dollars, to be recovered by the party aggrieved, in an action of debt against such corporation: *Provided,* that perishable or explosive freight and property shall have the

preference over all other classes of merchandise. In case of the refusal by such corporation or agents to take and transport any such passenger or property, as aforesaid, or to deliver the same, or either of them, without a legal or just excuse for such default, such corporation shall pay to the party aggrieved all damages which shall be sustained thereby, with costs of suit, or the penalty prescribed in this section, at the election of the party aggrieved."

If defendant is liable to the penalty sued for, it is because it failed to transport the plaintiff from Ypsilanti to Grand Junction "with all practicable dispatch." The evidence shows that she was transported by the first train scheduled, and that to have transported her with greater dispatch it would have been necessary for defendant to send a special train from Kalamazoo to Grand Junction, with its attendant inconvenience and dangers. In my opinion, this statute was not intended to cover a case like this, but was designed to secure fair, impartial, and diligent transportation according to its actual running schedule. Had the plaintiff been misled without the fault of the defendant or its agent, and found herself delayed in Kalamazoo, it would hardly be contended that the company should have put on a special train to take her to her destination at once. It is true that she was misled by defendant's agent, and it is possible that under the law of principal and agent she may have an action for the damages resulting from a breach of contract, if it can be said that there was a contract to take her to her destination without delay at Kalamazoo. The damage for a few hours' delay might or might not amount to $100. There was no discrimination against her. There was no unusual delay in running the trains. She was transported as speedily as practicable according to the existing rules and schedule of trains. The penalty is applicable to these things, and is not to be imposed for disappointment and delay arising from a mistake of the agent, or even a breach of contract to transport a passenger contrary to the schedule of trains made under a misapprehension of its

schedule. Penal statutes are to be strictly construed, and not to be extended beyond the letter of the law.

The argument has been made that the agreement that she should be transported without delay may be taken as evidence that she was not transported as " soon as practicable." It seems to me that this is fallacious, as it "begs the question," and, in effect, makes the penal provision applicable to and a means of enforcing all special contracts relating to transportation, rather than to the general management of trains and business. It is not probable that the station agent had authority to make a contract for transportation, except in accordance with the existing schedules, it not being within the scope of his authority, and, if he had not, the railroad company was under no obligation to perform such a contract if expressly agreed upon by him; yet it is now proposed to punish the defendant by the imposition of a penalty for not doing so. This is a liberality in the construction of penal statutes which the law does not permit. *Weaver* v. *Railroad Co.*, 107 Mich. 300 (65 N. W. 225); *Ohio, etc., R. Co.* v. *Hatton*, 60 Ind. 12; *St. Louis, etc., R. Co.* v. *Atchison*, 47 Ark. 74 (14 S. W. 468); *Marshall* v. *Railway Co.*, 78 Mo. 610; *Lake Erie, etc., R. Co.* v. *People*, 42 Ill. App. 387. The case last cited is much like the present case. See, also, *Gulf, etc., R. Co.* v. *Dwyer*, 84 Tex. 194 (19 S. W. 470); *State* v. *Railroad*, 15 W. Va. 362 (36 Am. Rep. 803); *Com.* v. *Stevens*, 153 Mass. 421 (26 N. E. 992); *Com.* v. *Nichols*, 10 Metc. 259 (43 Am. Dec. 432); *Hall* v. *Railroad Co.*, 44 W. Va. 36 (28 S. E. 754, 41 L. R. A. 669, 67 Am. St. Rep. 75); *Com.* v. *Railroad Co.*, 1 Grant, Cas. 329; *Railway Co.* v. *Clark*, 58 Ark. 410 (25 S. W. 504). The foregoing cases, all cited in the brief of defendant's counsel, show that this statute should not be applied to a case like the present.

The judgment should be reversed, and no new trial ordered.

CARPENTER, J., concurred with HOOKER, J.