GEER v. MICHIGAN CENTRAL RAILROAD CO.

1. CARRIERS—PASSENGERS—TRANSPORTATION—TRAIN SCHEDULES —FAILURE TO MAINTAIN—PENALTIES.

A carrier is not liable, under section 6235, 2 Comp. Laws, for the penalty provided for failure to transport a passenger, where the train for which the ticket was sold had been discontinued and proper notice given, and the mistake of selling a ticket for it was the error of the local agent, who sold the ticket.

2. SAME—COUNTERMAND OF SCHEDULE—INSTRUCTIONS.

As determining the liability of a carrier for the penalty prescribed by section 6235, 2 Comp. Laws, for failure to transport a passenger, a public countermand of the schedule announcing the train for which the ticket was sold, issued 10 days before the sale, is a defense, and an instruction is erroneous which permits the jury to say whether such countermand was made a reasonable time before the sale.

3. SAME—WORKING TIME-TABLE.

A working time-table, issued for employés alone, and not intended for the information of the public, nor as an advertise-

ment of the time or hours of any train, and which the railroad company reserves the right to vary from at pleasure, is not for the information of the public, and any information which a passenger may obtain from it, either directly or by statements made from it by the company's agent, cannot be considered in determining the company's liability under the statute (§ 6235, 2 Comp. Laws) for failure to transport.

Error to Berrien; Coolidge, J. Submitted November 10, 1905. (Docket No. 119.) Decided December 30, 1905.

Debt by Florence Geer against the Michigan Central Railroad Company for failure to transport, under 2 Comp. Laws, § 6235. There was judgment for plaintiff, and defendant brings error. Reversed.

*G. M. Valentine* and *Humphrey S. Gray*, for appellant.

*John J. Sterling* and *Cady & Andrews*, for appellee.

MONTGOMERY, J. This is a companion case to that of *Van Camp v. Railroad Co.*, 137 Mich. 467. The statement of facts in that case, so far as it relates to the case made by the plaintiff, will answer for a statement here. On the trial of the present case, however, the defendant introduced the testimony of its division superintendent and of its agent at Ypsilanti, his assistant, tending to show that the published time-card, which was intended to take effect on the 14th of June, and which showed a train from Kalamazoo to South Haven at 4:45 was canceled by telegram from the division superintendent to the agent at Ypsilanti, and a new time-card issued, and that the only printed matter before the agent who sold the ticket to plaintiff which showed such a train as the one in question was the working time-card intended for the employés alone. The plaintiff recovered, and the defendant brings error.

The law of this case was settled in *Van Camp's Case*,

supra. From a perusal of that case it will be seen that, if the mistake in selling this ticket for use on a train which had been discontinued and proper notice of its discontinuance given was the error of the local agent who sold the ticket, no recovery can be had under this statute. The defendant claimed on the trial that the testimony of defendant's witnesses conclusively established such a state of facts. With some hesitation we have reached the conclusion that, while the testimony is quite persuasive, it is not so conclusive as to justify the withdrawal of that question wholly from the jury. The telegram to the local agent was not produced, and there was some discrepancy in the statements of the witnesses. If the question were before us on review of a decision of a motion for a new trial, other considerations might be open.

The defendant asked two instructions, as follows:

" If defendant company by its proper department and proper officers gave its agent at Ypsilanti notice of the change of poster on or before June 14, 1903, then the plaintiff cannot recover.

" The working time-card, so called, was not for the information of the public, and any information which plaintiff may have obtained from it, either directly or by statements made from it by defendant's agent, does not bind the defendant in this action, and such information or statements cannot be considered by you in determining your verdict."

The first of these instructions was modified by inserting the words " a reasonable time " before the word " on," and substituting "June 24th" for "June 14th;" thus leaving the jury to pass upon the question of what countermand of a time-table would be reasonable. This was error. If the countermand was given before the 14th, the day on which the schedule was originally designed to take effect, the company was not liable to a penalty for a failure to run its train according to an absolute schedule 10 days later; nor was it open to the jury to find such countermand unreasonable.

Perhaps the most damaging error, and the one which may account for the verdict, was the failure to give the second request above quoted. When taken in connection with certain remarks of the trial judge during the trial, the refusal of this request would leave the jury to understand that, if the agent was misled into selling the ticket to plaintiff through having referred to the working time-table, the defendant was liable to this penalty. The evidence all shows that this working time-table was designed for the use of employés alone, and not intended for use in furnishing information to the public. It was the duty of the agent to keep posted the latest public time-table in the waiting room and in his office, and from these tables the information to be furnished the public was to be derived. On the face of this working time-table was printed these words:

"This time-table is in no case intended for the information of the public, nor as an advertisement of the time or hours of any train. The company reserves the right to vary from them at pleasure. It is for the information of employés only."

The request should have been given. See *Beauchamp* v. *Railway Co.*, 56 Tex. 239; *Denver, etc., R. Co.* v. *Pickard*, 8 Colo. 163.

The judgment is reversed, and a new trial ordered.

MOORE, C. J., and McALVAY, OSTRANDER, and HOOKER, JJ., concurred.