HAYES *v.* WABASH RAILROAD CO.

1. APPEAL AND ERROR — SAVING QUESTIONS FOR REVIEW—VARIANCE.

   The point that a variance appears, between proofs and declaration, cannot be raised on error, without presenting it to the court below.

2. CARRIERS — PRINCIPAL AND AGENT — AUTHORITY OF TICKET AGENT.

   Ticket or shipping agents of common carriers have authority to make all usual and ordinary contracts of carriage and shipment, and the public may assume that they are authorized to make such ordinary and usual contracts as they attempt to execute.

3. SAME—TRANSPORTATION—CONTRACTS—TICKET AGENTS.

   A city passenger and ticket agent is authorized to contract to carry several persons promptly from his station to another city and to guarantee them to connect with the train of another company at an intermediate station.

4. SAME—PAROL EVIDENCE—TICKET.

   The contract of carriage may be shown by parol, and is not limited to the terms of the ticket.

5. DAMAGES—CARRIER—SPECIAL CLAIMS.

   The expense of hiring a special train may be recovered of a carrier for failure to make a promised connection, where the ticket agent was informed in advance of the necessity and purpose of arriving on time.

6. EVIDENCE—TIME-TABLE.

   Since the passenger made his arrangements with the ticket agent who had apparent authority to make arrangements, evidence was inadmissible that defendant's public schedule stated that the time of arrival and departure of trains, or connections with other roads, were not guaranteed.

Error to Wayne; Mandell, J. Submitted June 17, 1910. (Docket No. 80.) Decided November 11, 1910.

Assumpsit by Edward Hayes against the Wabash Railroad Company for breach of a contract of carriage. A

judgment for plaintiff is reviewed by defendant on writ of error.    Affirmed.

*Hunt & Altland,* for appellant.

*J. Lawrence Hibbard ( Stevenson, Carpenter & Butzel,* of counsel), for appellee.

McALVAY, J.    Upon writ of error this case is brought to this court for review by defendant, asking that a judgment recovered against it be reversed, for reasons hereafter stated.    The suit was brought by plaintiff to recover certain damages claimed to have been sustained by him on account of the failure of defendant to perform a certain special contract of carriage, made and entered into between plaintiff and the agent of defendant company in Detroit having entire charge of its ticket office in the city, being styled the "city passenger and ticket agent," and who has been so employed for many years.    Plaintiff having urgent business before one of the departments at Washington, D. C., requiring his presence with his attorneys on July 20, 1904, at 10 o'clock a. m., and desiring to use the least time possible in making the trip, claims that he stated the circumstances to this passenger and ticket agent of defendant at Detroit, several days prior to that date, desiring to know if the defendant company, whose train left later than a Michigan Central train, would, without fail, furnish transportation and carry the party from Detroit to arrive at Washington before the required time; that if this could not be done he would take the Michigan Central; that both parties understood that the making of the connection at Buffalo was essential to make the trip within the time specified; that the agent promised to convey and transport plaintiff and his party from Detroit to Washington in time for the hearing and guaranteed and agreed to make the connection at Buffalo with the Pennsylvania Railroad Company without fail; that, relying upon this agreement, plaintiff afterwards on July 18, 1904, purchased five tickets and berths for himself

and party at the office of defendant company in Detroit from such agent for transportation to Washington, D. C., and proceeded upon the journey; that at Buffalo the train missed connections, and plaintiff, in order to arrive at his destination on time, chartered a special train at Buffalo at an expense of $140, and succeeded in catching the train for Washington at Olean; that on that train he was required to pay a further sum of $4 for berth accommodations. For the recovery of these sums this suit was instituted. Upon the trial there was a dispute as to whether the claimed special contract was .in fact made. This question was submitted to the jury and determined in favor of the plaintiff. A motion to direct a verdict for defendant was denied. The jury found a verdict for the amount claimed by plaintiff. Defendant made a motion for a judgment in its favor *non obstante veredicto,* which was denied, and a judgment was duly entered for plaintiff. The errors assigned relate to the denial of these motions, refusals to charge, portions of the charge as given, and the acceptance and rejection of evidence. Of these many errors assigned, it will be necessary to discuss but a few.

Defendant claims in its brief that there is a fatal variance between the declaration and the proofs of the plaintiff. We do not find that such a claim was made in the court below. It is well settled that this question cannot for the first time in a case be raised in this court.

The question as to whether the special contract of carriage was made by defendant's agent, as claimed by plaintiff, has been settled by the jury and will be accepted by this court as an established fact.

The question of importance in the case relates to the authority of the agent to make this contract. It is vigorously denied on the part of defendant that this agent had authority to make the contract claimed by plaintiff, and insisted that no testimony was introduced by him showing such authority; that the evidence on the part of defendant upon the question was positive and undisputed.

It is established by the authorities that the ticket or shipping agents of common carriers have authority to make all usual and ordinary contracts of carriage and shipment, and that the public has a right to assume that they are authorized to do whatever they attempt to do. *Rudell* v. *Transit Co.*, 117 Mich. 568 (76 N. W. 380, 44 L. R. A. 415), and cases cited. From that case we quote:

"Only when contracts are of an unusual and extraordinary character is the shipper put to inquiry as to the agent's authority. Hutchinson on Carriers, § 267; 5 Am. & Eng. Enc. Law (2d Ed.), p. 351. A guaranty to a theatrical troupe that it would arrive at a given time is held valid. *Foster* v. *Railway Co.*, 56 Fed. 434. One writer says:

" 'As common carriers especially at the present day transact the greater part, if not all, of their business with the public through agents and servants, it is plain that the public have a right to assume that they are authorized to do whatever they attempt to do.' Lawson, Contracts of Carriers, § 229.

"The rule does not include contracts so unusual and extraordinary that they cannot reasonably be included within the general authority. * * * Many cases like the present and that of the theatrical troupe are constantly arising, where delivery at a certain time is essential. When the shipper and the carrier agree through its agent upon a date of delivery at destination which gives the usual time to make the trip, such contract cannot be held unusual or extraordinary and is within the general authority of the agent, * * * and when the contract is a reasonable one it must be upheld, in the absence of notice of lack of authority."

The facts in the case of *Foster* v. *Railway Co.*, cited *supra*, were as nearly identical as possible with the case at bar. The contract made with the agent of the carrier was the same as that made in this case. That court said:

"The transportation was not, and was not to be, any different from what any party might have had upon the same train. The substance of the guaranty was that such connection should be made at Crawfordsville as would take the troupe through in time. This was nothing undue, but was what was due, and if it was not undue it was not unreasonable."

The contract in the case was to carry plaintiff and his party promptly from Detroit to Washington upon the regular train, to arrive there at the time required, guaranteeing the connection at Buffalo. The agent of defendant company who made this agreement was its passenger and ticket agent. We are unable to distinguish this case from *Rudell* v. *Transit Co.*, *supra*. The court was not in error in holding and instructing the jury upon this proposition that, if they found that the contract as claimed by plaintiff was made, he had a right to rely upon it in this case.

Argument is made that the contract between these parties is determined by the ticket issued at the time, claimed to have been a reduced rate ticket, under which plaintiff cannot recover. The record does not warrant the claim that this was a reduced rate ticket. This passenger and ticket agent testified that it was the regular rate to Washington given at the time by all the railroads. The authorities already cited hold that the contract of carriage may be shown by parol, and plaintiff's proofs tended to show that it was made several days before the tickets were purchased. This is also held in *Erie R. Co.* v. *Winter's Adm'r*, 143 U. S. 60 (12 Sup. Ct. 356).

It is contended that the damages recovered are special, and could not have been within the contemplation of the parties at the time of making the contract. It appears from the record that defendant's agent was fully and repeatedly informed of the exigency that plaintiff and his attorneys must be in attendance before one of the departments at Washington on July 20th, in the forenoon, on a matter of importance, and the agent so testifies. It is true the department and the case were not mentioned. The notice, however, was sufficiently explicit for the purposes of this case. The entire claim is for money spent by plaintiff to accomplish exactly what defendant failed to do, and the particular risk was expressly assumed by defendant as the verdict indicates.

Defendant discusses but two other assignments of error.

The court refused to admit in evidence defendant's time-table for the purpose of showing that it contained a paragraph stating the time of arrival and departure of its trains was not guaranteed and the company did not hold itself responsible for failure to make connections, to show the limited liability of the company, and as bearing upon the credibility of the agent. The plaintiff went to the proper place for his information, and made ·his contract with the agent who assumed the authority to make it. He had a right to rely upon the representations of the agent and the contract entered into, and was under no obligation to consult time-tables or public schedules. *Van Camp* v. *Railroad Co.*, 137 Mich. 471 (100 N. W. 771). For these reasons it was properly excluded and as bearing upon the agent's credibility was not admissible.

The other error relates to the claimed inconsistencies contained in plaintiff's testimony, and the charge of the court as to what the contract was which was relied upon by plaintiff. The testimony of plaintiff taken together does not present to us the difficulty complained of. In fact, it appears to us both consistent and clear in stating the terms of this agreement. The contract relied upon was to transport plaintiff and his party to Washington by a certain time, by way of Buffalo, and guaranteeing to get them to Buffalo in time for the connection for Washington. It is obvious that the connection at Buffalo was a necessity in order to fulfill the contract, and it was the failure to make this connection in which defendant defaulted. Defendant does not appear to grasp the fact that both propositions were necessarily included in the contract which the jury found was entered into between the parties. The portions of the charge of the court complained of are consistent with this understanding.

We find no error in this case.

The judgment is affirmed.

OSTRANDER, HOOKER, MOORE, and BROOKE, JJ., concurred.