HALLOCK *v.* INCOME GUARANTY CO.

1. INSURANCE—AMBIGUITIES IN POLICY.

All ambiguities in a policy of insurance must be resolved in favor of the insured.

---

* Const. 1908, art. 16, § 3.

2. TIME—COMPUTATION.

In ascertaining the time during which an act is to be performed, or an obligation remains in force, the date from which a contract runs is excluded and the last day mentioned is included, in the calculation, to protect rights and prevent forfeitures where this can be done without violating the clear intention or positive provision of the parties.

3. INSURANCE—HEALTH AND ACCIDENT—TERM OF POLICY—DISABILITY.

Policy of health and accident insurance *held,* not to have expired until midnight of last day of period for which premium was paid, entitling insured to indemnity under terms of policy where his total disability began on that date.

4. SAME—COMMENCEMENT OF DISABILITY—EVIDENCE.

Evidence that insured's total disability began on last day of term for which premium was paid *held,* sufficient to support finding of trial judge, notwithstanding insured's subsequent futile efforts to carry on his profession as attorney and his letter stating disability began the following day, such letter, at most, being an inconclusive admission against interest.

5. SAME—TOTAL DISABILITY—DEFINITION.

Inability of insured, an attorney, to perform essential acts necessary to the exercise of his profession constitutes total disability.

6. APPEAL AND ERROR—OBJECTION FIRST RAISED ON APPEAL.

Objection on account of variance between pleadings and proofs may not be raised for the first time on appeal.

7. SAME—PLEADINGS—EVIDENCE—VARIANCE—AMENDMENTS.

A variance between declaration and proofs not being brought to attention of trial court by objection, and being curable by amendment, will be regarded on appeal as cured by amendment.

8. SAME—QUESTIONS NOT REVIEWED.

In action under health and accident insurance policy, questions as to waiver of prompt payment of premiums by previous course of conduct and effect of statute relative to time which must elapse before protection of policy against sickness begins after reinstatement are not considered where there is evidence to support finding that total disability due to sickness began on last day of term for which premium had been paid (3 Comp. Laws 1929, § 12441).

Appeal from Oakland; Covert (Frank L.), J. Submitted January 11, 1935. (Docket No. 69, Calendar No. 38,067.) Decided March 5, 1935.

Assumpsit by G. Edson Hallock against Income Guaranty Company, a Michigan corporation, for indemnities under health and accident insurance policy. Judgment for plaintiff. Defendant appeals. Affirmed.

*G. Edson Hallock, in pro. per.,* and *Edward J. Fallon,* for plaintiff.

*John J. Temple,* for defendant.

BUTZEL, J. On November 25, 1930, G. Edson Hallock, plaintiff, an attorney at Pontiac, Michigan, took out a combination health and accident insurance policy with Income Guaranty Company, defendant. The policy provided for indemnity at the rate of $100 per month for the period of continuous total disability, resulting from bodily disease, during which the insured should be necessarily and continuously confined within the house, and for a lesser amount for the period of continuous total disability during which the insured should not be necessarily confined within the house. Notwithstanding the fact that plaintiff frequently was late in paying his quarterly premiums, defendant nevertheless accepted them in every case. The last notice received by plaintiff stated that a quarterly premium of $15 would become due and payable on or before November 29, 1932, and that payment thereof would extend the insurance until February 28, 1933. Although this premium was not paid until December 12, 1932, it was accepted by defendant. On March 2, 1933, plaintiff wrote the defendant as follows:

*"Gentlemen:* This premium mailed today, was due February 28th, due to banking conditions, I was forced to delay my check for the three days. In view of the following, you may not wish to accept it.

"With this premium I am giving you notice of disability which arose yesterday. I have no disability notice blanks, but give you the following information: Dr. J. W. Christie has diagnosed my case as a physical paralysis, due to nervous strain and fatigue. He expects the duration to be from one to two weeks. From today until such time of recovery, I expect to be in St. Joseph's Mercy Hospital, Mt. Clemens, Michigan.

"As soon as I receive the form on which to report my condition in full, I will do so.

"On the other hand, if you choose to refuse to accept the premium because of a lapse of three days, please return the inclosed postoffice money order to me."

Defendant refused to accept the premium, claiming that the policy had lapsed on February 28, 1933. Plaintiff thereupon wrote defendant that his disability was due to facial paralysis which began on February 28th, while the policy was still in force, and that he was therefore entitled to recover for total disability. The trial court entered a judgment in his favor for $118.33.

All ambiguities in a policy of insurance must be resolved in favor of the insured. *Kangas* v. *New York Life Ins. Co.,* 223 Mich. 238; *Griffin* v. *General Casualty & Surety Co.,* 231 Mich. 642; *Barney* v. *Preferred Automobile Ins. Exchange,* 240 Mich. 199. In order to avoid any question as to the exact period during which a policy is in force, it is frequently provided that its term shall begin at noon on a certain day and expire at noon on a certain subsequent day. The policy in the instant case contained no such provision. However, it has repeat-

edly been held that in ascertaining the time during which an act is to be performed, or an obligation remain in force, the date from which the contract runs is excluded, and the last day mentioned is included, in the calculation, it being the policy of the law to protect a right and prevent a forfeiture where this can be done without violating the clear intention or positive provision of the parties. *Weeks* v. *Hull*, 19 Conn. 376 (50 Am. Dec. 249); *Cornell* v. *Moulton*, 3 Denio (N. Y.), 12; *Blake* v. *Crowninshield*, 9 N. H. 304. This rule has been applied to life insurance contracts. See 2 May on Insurance (4th Ed.), p. 919; *Thomson* v. *Connecticut Mutual Life Ins. Co.*, 4 Pa. Dist. 382; *Isaacs* v. *Royal Ins. Co.*, 5 L. R. Exch. 296 (22 L. T. 681); *Massachusetts Bonding & Ins. Co.* v. *Home Life & Accident Co.*, 119 Ark. 102 (178 S. W. 314). Plaintiff's insurance therefore did not expire until midnight of February 28, 1933, and he was entitled to indemnity under the terms of the policy, provided that his total disability began on that date.

A question of fact arose as to the exact date on which plaintiff's total disability began. We believe the testimony fully supports the judge's finding that plaintiff was totally disabled prior to midnight on February 28, 1933, notwithstanding his subsequent futile efforts to carry on. The testimony shows that when he arrived at his law office on the morning of February 28, 1933, he had difficulty with his eyes. Towards noon his vision became worse, and in addition his tongue was swollen so that he could not articulate clearly. In the afternoon he consulted a doctor at his office and at about 3 p. m. he went to his home to rest, under the physician's orders. That evening he was compelled to return to his office in order to meet some clients

from out of town.  He found, however, that he could not read at all, or carry on a conversation with his clients, who left him and took their case to another attorney.  The following morning plaintiff was unable to close his eye, which was very much inflamed, and his mouth and tongue both felt stiff; he did not have control of his lips and tongue.  He again went to the doctor, who diagnosed his condition as ''Bell's Palsy.''  On March 2d plaintiff entered the St. Joseph's Mercy Hospital at Mt. Clemens, Michigan, where he remained, for some time.  He suffered from total disability for approximately five weeks. The fact that plaintiff, in his first letter to the defendant, dated his total disability as beginning on March 1, 1933, can only be considered as an admission against interest, but, as stated in *Clarke* v. *Travelers Ins. Co.*, 94 Vt. 383 (111 Atl. 449), this was not conclusive in view of the other proofs.  We believe the testimony fully supports the finding of the trial judge that on the 28th day of February, 1933, plaintiff was suffering from a disease and illness which totally incapacitated him from carrying on his business.  He was unable to perform the essential acts necessary to the exercise of his profession.  This constitutes total disability.  *Turner* v. *Fidelity & Casualty Co. of New York*, 112 Mich. 425 (38 L. R. A. 529, 67 Am. St. Rep. 428); *Hohn* v. *Inter-State Casualty Co.*, 115 Mich. 79; *Lobdill* v. *Laboring Men's Mutual Aid Ass'n of Chatfield*, 69 Minn. 14 (71 N. W. 696, 38 L. R. A. 537, 65 Am. St. Rep. 542); *Clarke* v. *Travelers Ins. Co., supra; Ætna Life Ins. Co.* v. *Spencer*, 182 Ark. 496 (32 S. W. [2d] 310).

It is claimed, however, that while the proofs may have shown that plaintiff's total disability began on February 28, 1933, his declaration set forth that it

began on March 1st, and this constitutes a fatal variance between pleading and proofs. Had defendant raised this objection in the trial court, plaintiff would have been permitted to amend his declaration to show that the total disability began on February 28, 1933, in order to conform with the proofs. Objection on account of variance between pleadings and proofs may not be raised for the first time on appeal. No surprise or prejudice is claimed by defendant. Defendant's attorney himself pointed out the variance to plaintiff during the trial and asked for an explanation, but made no objection. The variance was one that could be cured by amendment and it will now be regarded as amended in accordance with the rule laid down in *Scendar* v. *Winona Copper Co.,* 169 Mich. 665. See, also, *Barton* v. *Gray,* 57 Mich. 622; *Moerman* v. *Clark-Rutka-Weaver Co.,* 145 Mich. 540; *Van Cleve* v. *Radford,* 149 Mich. 106; *Hayes* v. *Railroad Co.,* 163 Mich. 174 (31 L. R. A. [N. S.] 229); *Reese* v. *Dyer,* 199 Mich. 204.

In view of the above holding, we need not consider the finding of the trial court that defendant had waived the prompt payment of insurance premiums by its previous conduct and was therefore bound to accept the premium tendered to it on March 2, 1933; nor the effect of 3 Comp. Laws 1929, § 12441, subd. 3 (c), relative to the time that must elapse before the protection of a policy against sickness begins after reinstatement.

The judgment against defendant is affirmed, with costs to plaintiff.

POTTER, C. J., and NELSON SHARPE, NORTH, FEAD, WIEST, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred.