### O. B. ANDREWS CO. et al. v. WILLINGHAM et al.

(Circuit Court of Appeals, Fifth Circuit. January 19, 1923.)

No. 3916.

1. **Corporations ⬅221—Stockholders not liable for business transacted without minimum capital, unless they participated.**

Under Civ. Code. Ga. 1910, § 2220, making persons who organize a corporation and transact business before the minimum capital required by section 2823(3), is subscribed, liable to creditors to make good the minimum capital, as that section has been construed by the Supreme Court of the state, participation in the transaction of the business as well as in the organization of the company is essential to liability, so that a bill failing to allege that defendant stockholders participated in the transaction of the business by the company was insufficient.

2. **Corporations ⬅221—Stockholders are not chargeable with deficiency caused by illegal subscriptions of others.**

Under Civ. Code Ga. 1910, § 2220, imposing liability on the transaction of business before the minimum capital is subscribed, when strictly construed, as it must be, stockholders who paid their subscriptions in cash are not chargeable with the deficiency in the minimum capital resulting from the fact that other subscribers, who had received certificates, were insolvent or had an illegal agreement as to the payment for their shares, especially in the absence of averments charging the defendant stockholders with an agreement to evade a genuine subscription to the minimum capital stock.

Appeal from the District Court of the United States for the Southern District of Georgia; Samuel H. Sibley, Judge.

Suit in equity by the O. B. Andrews Company and others against A. R. Willingham and others. From a judgment dismissing the bill of complaint on motion of defendants, complainants appeal. Affirmed.

Thomas S. Felder, of Macon, Ga. (Oliver C. Hancock, of Macon, Ga., and Allison, Lynch & Phillips, of Chattanooga, Tenn., on the brief), for appellants.

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

J. E. Hall and Walter A. Harris, both of Macon, Ga. (Hall, Grice & Bloch, Harris, Harris & Witman, and C. L. Bartlett, all of Macon, Ga., and Quincey & Rice, of Ocilla, Ga., on the brief), for appellees.

Before WALKER, BRYAN, and KING, Circuit Judges.

KING, Circuit Judge. The O. B. Andrews Company, a corporation of the state of Tennessee, and the First National Bank of Reidsville, N. C., brought their bill of complaint in behalf of themselves and other bona fide creditors of R. F. Willingham Corporation, similarly situated, in the United States District Court for the Southern District of Georgia, against a large number of persons, alleged to be citizens of Georgia, residents of said Southern District, averring that each complainant was a creditor by contract, having a claim exceeding $3,000 principal, against R. F. Willingham Corporation, a corporation chartered by the superior court of Bibb county, Ga., with a capital stock of $300,000; that the defendants had subscribed in varying amounts for stock in said corporation, to the aggregate sum of $52,195, which they had paid in; that R. F. Willingham, as president of said corporation, and J. A. Streyer, as its secretary, issued to each defendant a certificate for his or her said stock; that Willingham issued to himself certificates for stock for $207,000, and to Streyer for $20,000, also for $5,000 to J. S. Combs, and to C. A. Cheatham for $2,500; that Willingham transferred to the corporation real estate of small value as his payment for the stock issued to him, which was a fraudulent payment therefor; that Willingham, Streyer, Combs, and Cheatham were insolvent; that the issue of stock to them was not a subscription to the capital stock of said corporation; that R. F. Willingham conducted the business of said corporation, with the knowledge of the defendants, and created large debts; that the result was that the corporation had organized and transacted business without its capital stock being subscribed beyond said sum of $52,195, and that the defendants were liable under Code Ga. 1910, § 2220, for the debts of said R. F. Willingham Corporation for the difference between $52,195 and its minimum capital stock of $300,000.

R. F. Willingham Corporation was not made a party to said suit, and complainants had not reduced their claim to judgment or asserted any lien. Motions to dismiss the bill were interposed, which set up that the same stated no cause of action against the defendants.

The District Court sustained the motion on the ground that the bill set up no facts showing that defendants did anything in the way of transacting business, or really averred any act of any defendant except the subscription and payment for his stock and receipt of a stock certificate; that Code, § 2220, was penal in its nature and to be strictly construed; that for one to organize the corporation and to transact business before the minimum capital stock was subscribed was a fraud on creditors dealing with the corporation; and that to be liable under this section one must not only organize the corporation, but engage in the transaction of business in its name.

[1] We agree with the court that the averments of the bill do not charge the defendants with any participation in the transaction of the

business of the corporation. They would appear from its allegations to have subscribed and paid in money at par for the stock held by each. They doubtless knew of the organization of the company and received certificates for their several shares of stock; but no facts showing any participation in transacting any business are shown. Section 2220 of the Code of Georgia (1910) reads as follows:

"Persons who organize a company and transact business in its name, before the minimum capital stock has been subscribed for, are liable to creditors to make good the minimum capital stock with interest."

That organization of a corporation and the transaction of business are quite distinct under the Georgia statute is clear from the decisions of the Supreme Court of that state. The Code of Georgia relating to corporations of the character of that involved in this case provides that:

"No corporation created under this section shall commence to exercise the privileges conferred by the charter, until ten per cent. of the capital stock is paid in." Code of Georgia 1910, § 2823 (3).

Construing this section, the courts have held that a corporation may legally organize before such 10 per cent. is paid in, but may not transact any business until such payment is made. Branch v. Augusta Glass Works, 95 Ga. 573, 576, 23 S. E. 128; McCandless v. Inland Acid Co., 115 Ga. 968, 978, 42 S. E. 449.

But section 2220 of the Code of Georgia (1910) has been construed by the Supreme Court of that state on the points here involved and it holds:

"* * * The liability prescribed by section 2220 * * * is a liability imposed upon organizers of a company who transact business in its name, whether they be actually stockholders or not. * * * Organizers of a company, who transact business in its name before the minimum capital stock has been subscribed for, are considered as committing a fraud upon those who may extend credit to the company, and the statute imposes a liability upon them for engaging in such fraudulent transaction, and they should not be allowed to escape the statutory penalty for such fraud by disposing of their stock. The liability imposed by the statute above cited is so far penal in its nature as to require a strict construction. Banks v. Darden, 18 Ga. 318 (3); Wheatley v. Glover, 125 Ga. 710 (5), 54 S. E. 626; 3 Clark & Marshall, Priv. Corp. § 833 (d); 1 Cook, Corp. § 214; Steam Engine Co. v. Hubbard, 101 U. S. 188, 25 L. Ed. 786; Chase v. Chase, 113 U. S. 452, 5 Sup. Ct. 554, 28 L. Ed. 1038; Park Bank v. Remsen, 158 U. S. 337, 15 Sup. Ct. 891, 39 L. Ed. 1008; Brunswick Terminal Co. v. National Bank, 192 U. S. 386, 24 Sup. Ct. 314, 48 L. Ed. 491. Accordingly, one who purchases stock in a corporation from one who aided in organizing the same, and who transacted business in its name before the minimum capital stock had been subscribed for, is not liable to creditors of the corporation for the statutory penalty in order to satisfy debts contracted in the name of the corporation, either prior or subsequently to the purchase of the stock. This is true for the reason that, to be liable under a strict construction of the statute, one must both participate in the organization of the corporation, and also transact business in its name before the minimum capital stock has been subscribed for. See, in this connection, Schley v. Dixon, 24 Ga. 273 (7)." Farwell Co. v. Jackson Stores et al., 137 Ga. 174, 175, 176, 73 S. E. 13, 14.

We think that, as these defendants were not alleged to have transacted any of the business carried on by the corporation, they were not liable under said section 2220.

[2] Again, under the law, R. F. Willingham, Streyer, Combs, and Cheatham were all stockholders to the extent of the shares of stock issued to and held by them. Under the rule of strict construction prescribed by the Supreme Court of Georgia, the remaining subscribers could not be held liable under this section 2220 for the shares held by Willingham and the others as stockholders, because they were insolvent, or had some illegal agreement as to payment for their shares, certainly in the absence of averments charging an agreement with the defendants to evade a genuine subscription to the minimum capital stock.

We therefore conclude that the District Court did not err in dismissing the bill, and its judgment is affirmed.